IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| **GEOFFREY FARRELL ZILBERBERG,** | : | CASE NO. **20-68775**-PMB |
| Debtor. | : | |
| FINANCIAL SERVICES VEHICLE TRUST, | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| GEOFFREY FARRELL ZILBERBERG, Debtor; and KATHLEEN STEIL, Trustee, | : | |
| Respondents. | : | |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that **Financial Services Vehicle Trust** has filed a Motion for Relief from Automatic Stay and related papers with the Court seeking an order of relief from the Automatic Stay.

**PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion for Relief from Automatic Stay, in Courtroom 1202, The Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 at 1:30 pm on October 5, 2020. Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on wether to appear in person or by phone.**

Your rights may be affected by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the Court to grant the relief sought in these pleadings, or if you want the Court to consider your views, then

you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  The address for the Clerk's Office is: Clerk, United States Bankruptcy Court, Room 1340, U.S. Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia  30303. You must also mail a copy of your response to the undersigned at the address stated below.

IF THE MOTION IS FOR RELIEF FROM STAY, and a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consent to the automatic stay remaining in effect until the Court orders otherwise.

Dated: August 17, 2020             Signature: /s/Philip L. Rubin
                                                    Philip L. Rubin
                                                    5555 Glenridge Connector
                                                    Suite 900
                                                    Atlanta, Georgia  30342
                                                    (404) 869-6900
                                                    prubin@lrglaw.com
                                                    Bar Number 618525

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| **GEOFFREY FARRELL ZILBERBERG,** | : | CASE NO. **20-68775**-PMB |
| Debtor. | : | |
| FINANCIAL SERVICES VEHICLE TRUST, | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| GEOFFREY FARRELL ZILBERBERG, Debtor; and KATHLEEN STEIL, Trustee, | : | |
| Respondents. | : | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY**

NOW COMES FINANCIAL SERVICES VEHICLE TRUST(the "Movant") and moves this Court for relief from the automatic stay and shows the Court as follows:

1.

On August 6, 2020, Geoffrey Farrell Zilberberg ("Debtor") filed a Voluntary Petition pursuant to 11 U.S.C. Chapter 13, and said case converted to Chapter 7, and said case is pending before this Court.

2.

Movant has a claim in this case on a Lease Agreement for a vehicle, to wit: 2016 BMW i8 Series Coupe VIN WBY2Z2C5XGV675450 (the "Vehicle"). The amount remaining on the Lease Agreement is $126,754.95. The lease matured on December 5, 2019 and the full balance is due. The NADA value of the Collateral is $58,500.00, and no other collateral securing this loan.

3.

The Lease Agreement is a "true lease" under Georgia law.

4.

Debtors do not have any equity in the Vehicle or the Lease Agreement to benefit the estate and the Trustee's interest should be abandoned. The Vehicle is the only property subject to the Lease Agreement.

5.

Cause exists, including the lack of adequate protection, to grant Movant relief from the automatic stay so as to authorize Movant to exercise its rights in and to the Vehicle.

6.

Movant does not have proof of insurance protecting its interest in the Vehicle or has been advised that there is no insurance in force.

7.

Movant requests that Rule 4001(a)(3) be waived.

WHEREFORE, Movant prays that this Court:

(a) Hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. Section 362(e);

(b) Enter an Order terminating the estate's interest in the Lease Agreement as herein defined and providing further that the automatic stay, to the extent it restrains Movant from enforcing its rights in and to the Vehicle, be vacated;

(c) Waive Rule 4001(a)(3); and

(d) Grant such other and further relief as the Court deems to be just and proper.

This August 17, 2020.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                Attorneys for Movant

                By:/s/ Philip L. Rubin
                      Philip L. Rubin
                      Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia  30342
(404) 869-6900
prubin@lrglaw.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE | : | CHAPTER 7 |
| **GEOFFREY FARRELL ZILBERBERG,** | : | CASE NO. **20-68775**-PMB |
| Debtor. | : | |
| FINANCIAL SERVICES VEHICLE TRUST, | : | |
| Movant, | : | CONTESTED MATTER |
| v. | : | |
| GEOFFREY FARRELL ZILBERBERG, Debtor; and KATHLEEN STEIL, Trustee, | : | |
| Respondents. | : | |

**CERTIFICATE OF SERVICE**

The undersigned, Philip L. Rubin, hereby certifies that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that I served the MOTION FOR RELIEF FROM AUTOMATIC STAY and NOTICE OF HEARING on the following parties 1) electronically, if allowed by and pursuant to the requirements of local rule, or 2) by depositing same in the United States Mail in properly addressed envelope(s) with adequate postage to all others, as follows:

Geoffrey Farrell Zilberberg
971 Davis Drive
Atlanta, GA 30327

Kathleen Steil
Chapter 7 Trustee
Ogier, Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, GA 30031

    This August 17, 2020.

                The Law Office of
                LEFKOFF, RUBIN, GLEASON & RUSSO, P.C.
                Attorneys for Movant


                By: /s/ Philip L. Rubin
                     Philip L. Rubin
                     Georgia State Bar No. 618525

5555 Glenridge Connector
Suite 900
Atlanta, Georgia 30342
(404) 869-6900
prubin@lrglaw.com

# N.A.D.A. Official Used Car Guide
# Vehicle Valuation

Print Date: August 12, 2020

---

Vehicle Description: 2016 BMW i8 Series Coupe 2D AWD

VIN: WBY2Z2C5XGV675450

**Base Values**

Retail: $ 58500.00 Wholesale/Trade-in: $ 53275.00

**Optional Equipment/Adjustments**

Estimated Miles: 62500 $ 0.00

**Total Adjusted N.A.D.A. Used Car Guide Values**

Retail: $ 58500.00 Retail/Wholesale Average: $ 55887.50

Reference 08/2020 Southeastern

**BMW Financial Services NA, LLC**
Motor Vehicle Lease Agreement (Closed End) - Florida

## 1. PARTIES

| Lessor (Dealer) Name and Address | Lessee and Co-Lessee Name and Address | Vehicle Garaging Address (If Different) |
|---|---|---|
| LAUDERDALE BMW OF FORT LAUDERDALE<br>1400 S FEDERAL HWY<br>FT LAUDERDALE, FL<br>33316<br>9545273800 | GEOFFREY FARRELL ZILBERBERG<br><br>1633 NE 17TH WAY<br>FT LAUDERDALE FL 33305-3449<br>BROWARD COUNTY | Billing Address (If Different) |

**2. Agreement to Lease.** This Motor Vehicle Lease Agreement ("Lease") is entered into between the lessee and co-lessee ("Lessee") and the lessor ("Lessor") named above. [illegible]

**3. Date of Lease, Lease Term and Scheduled Maturity Date.** This Lease is entered into on 06 DEC 2016 for the scheduled Lease Term of 36 months with a Scheduled Maturity Date of 05 DEC 2019.

## 4. VEHICLE DESCRIPTIONS

| A. Leased Vehicle ☐ New ☐ Demo ☐ Used | Model Year | Make & Model | VIN | Odometer | Primary Use: ☐ Personal, Family or Household ☐ Business, Commercial or Agricultural |
|---|---|---|---|---|---|
| | 2016 | BMW I8 | WBY2Z2C5XGV675450 | 60 | |

| ☐ Telephone | ☐ CD Player | ☐ (specify) | ☐ (specify) | ☐ (specify) |
|---|---|---|---|---|

| B. Trade-In | Model Year | Make | Model | Agreed Upon Value | Prior Credit or Lease Balance | Net Trade-In Value |
|---|---|---|---|---|---|---|
| | N/A | N/A | | N/A | N/A | N/A |

| 5. AMOUNT DUE AT LEASE SIGNING OR DELIVERY | 6. MONTHLY PAYMENTS | 7. OTHER CHARGES | 8. TOTAL OF PAYMENTS |
|---|---|---|---|
| $ 10378.73 | My first monthly payment of $ 1245.55 due on 12/06/16 followed by 35 payments of $ 1245.55 due on the 5TH day of each month. The total of my monthly payments is $ 44839.80 | A. Disposition Fee (If I do not purchase the Vehicle) $ 350<br>B. N/A $ N/A<br>TOTAL $ 350 | $ 54322.98 |

## 9. AMOUNT DUE AT LEASE SIGNING OR DELIVERY

**A. Amount Due at Lease Signing or Delivery**

| Item | Amount |
|---|---|
| 1. Capitalized Cost Reduction | $ 8389.00 |
| 2. First Monthly Payment | $ 1245.55 |
| 3. Refundable Security Deposit | $ N/A |
| 4. Initial Title Fees / MVUEA | $ 7.00 |
| 5. Initial Registration Fees | $ N/A |
| 6. Initial License Fees | $ 168.35 |
| 7. Sales/Use Tax | $ 3.99 |
| 8. Acquisition Fee (if not capitalized) | $ N/A |
| 9. Sales Tax on Capitalized Cost Reduction | $ 503.34 |
| 10. N/A | $ N/A |
| 11. N/A | $ N/A |
| 12. N/A | $ N/A |
| 13. FLORIDA FEES | $ 66.50 |
| TOTAL | $ 10378.73 |

**B. How the Amount Due at Lease Signing or Delivery Will Be Paid**

| Item | Amount |
|---|---|
| 1. Net Trade-In Allowance | $ N/A |
| 2. Rebates and Noncash Credits | $ 2465.00 |
| 3. Amount to be Paid in Cash | $ 7913.73 |
| TOTAL | $ 10378.73 |

## 10. MY MONTHLY PAYMENT IS DETERMINED AS SHOWN BELOW

| Item | Amount |
|---|---|
| A. Gross Capitalized Cost. The agreed upon value of the Vehicle ($ 132220.07) and any items I pay for over the Lease Term (such as taxes, fees, service contracts, insurance, and any outstanding prior credit or lease balance) (See Section 13 for an itemization of this amount). | $ 136030.07 |
| B. Capitalized Cost Reduction. The amount of any net trade-in allowance, rebate, noncash credit, or cash I pay that reduces the Gross Capitalized Cost. | - $ 8389.00 |
| C. Adjusted Capitalized Cost. The amount used in calculating my Base Monthly Payment. | = $ 127641.07 |
| D. Residual Value. The value of the Vehicle at the end of the Lease used in calculating my Base Monthly Payment. | - $ 97496.75 |
| E. Depreciation and any Amortized Amounts. The amount charged for the Vehicle's decline in value through normal use and for other items paid over the Lease Term. | = $ 30144.32 |
| F. Rent Charge. The amount charged in addition to the Depreciation and any Amortized Amounts. | + $ 12157.48 |
| G. Total of Base Monthly Payments. The Depreciation and any Amortized Amounts plus the Rent Charge. | = $ 42301.80 |
| H. Lease Payments. The number of payments in my Lease. | ÷ 36 |
| I. Base Monthly Payment. | = $ 1175.05 |
| J. Monthly Sales/Use Tax. | + $ 70.50 |
| K. N/A | + $ N/A |
| L. Total Monthly Payment. | = $ 1245.55 |

**Early Termination.** I may have to pay a substantial charge if I end this Lease early. The charge may be up to several thousand dollars. The actual charge will depend on when the Lease is terminated. The earlier I end the Lease, the greater this charge is likely to be.

**11. Excessive Wear and Use.** I may be charged for excessive wear based on your standards for normal use and for mileage in excess of total miles over the scheduled Lease Term of 30000 miles, at the rate of 30 cents per mile.

**12. Purchase Option at End of Lease Term.** I have an option to purchase the Vehicle ("as is") at the Scheduled Termination of the Lease for its Residual Value of $ 97496.75. The purchase option price does not include (1) official fees, such as those for taxes, title, registration and license/tags, and (2) a Purchase Option Fee of $ N/A. See Section 30 for more information.

**Other Important Terms.** See the front and back of this Lease for additional information on early termination, purchase options, and maintenance responsibilities, warranties, default charges, insurance, and any security interest, if applicable.

## 13. ITEMIZATION OF GROSS CAPITALIZED COST

| Item | Amount |
|---|---|
| A. Agreed Upon Value of Vehicle | $ 132220.07 |
| B. Initial Title, License & Registration Fees | $ N/A |
| C. Sales/Use Tax | $ N/A |
| D. Federal Luxury Tax | $ N/A |
| E. Sales Tax on Capitalized Cost Reduction | $ N/A |
| F. Maintenance Agreement | $ N/A |
| G. Mechanical Breakdown Protection | $ N/A |
| H. Extended Warranty | $ N/A |
| I. Prior Credit or Lease Balance* | $ N/A |
| J. Pre-Delivery Service Charge** | $ 699.00 |
| K. Acquisition Fee | $ 925.00 |
| L. Other BMW EXCESS WEAR /LOJACK | $ 1874.00 |
| M. Other [illegible] | $ 312.00 |
| N. Other N/A | $ N/A |
| TOTAL | $ 136030.07 |

*Leave blank unless Lessor has paid prior credit or lease balance.

** This charge represents costs and profit to the dealer for items such as inspecting, cleaning, and adjusting vehicles and preparing documents related to the lease.

## 14. ESTIMATED OFFICIAL FEES AND TAXES

$ 3552.39 This is an estimate of the total amount I agree to pay for official and license fees, registration, title and taxes (including personal property taxes) over the Lease Term including any extensions of the Lease Term whether included in my Monthly Payment, Amount Due at Lease Signing or Delivery, or separately billed. The actual total of Official Fees and Taxes may be higher or lower, depending on the tax rates in effect or the value of the Vehicle at the time a fee or tax is assessed. This estimate is based on my Garaging Address and may increase if I move or if tax rates change. For some of these items, we may invoice you after the taxing authority has billed us, sometimes after the lease terminates.

## 15. OPTIONAL PRODUCTS AND SERVICES

I am not required to buy any of the optional products and services listed below. These products and/or services will not be provided unless I check the appropriate box, fill in all necessary information, initial below and I am accepted by the provider. [illegible]

| Product | Provider | Term (Months) | Charge | Lessee/Co-Lessee Initials |
|---|---|---|---|---|
| ☐ Maintenance Agreement | N/A | N/A | $ N/A | |
| ☐ Mechanical Breakdown Protection | N/A | N/A | $ N/A | |
| ☒ BMW EXCESS WEAR | BMW | 36 | $ 1275.00 | [initials] |

**Mileage Allowance/Refund.**
30000 I agree to the Mileage Allowance for the term of this Lease. My Monthly Payment and Residual Value for this Lease have been calculated, in part, by using this Mileage Allowance.
☐ If this box is checked, I have elected a high Mileage Allowance. I may receive a refund of ___ per mile for the unused miles between N/A miles and N/A miles, unless (a) the Vehicle is destroyed or stolen, (b) I default or terminate the Lease early, (c) I purchase the Vehicle, or (d) the refund is less than $1. Any refund will be reduced by any amount I owe under the Lease at the Scheduled Termination.

## 16. WARRANTIES

The Vehicle is subject to the following express warranties. If the Vehicle is new, the Vehicle is subject to the standard manufacturer's new vehicle warranty. The Vehicle is also covered by the following, if checked:
☐ Remainder of the standard manufacturer's new vehicle warranty if the Vehicle is not a new vehicle.
☐ ______

UNLESS A LESSOR'S WARRANTY IS DISCLOSED ABOVE, LESSOR, TO THE EXTENT PERMITTED BY LAW, (1) MAKES NO WARRANTIES OR REPRESENTATIONS, EITHER EXPRESSED OR IMPLIED, AS TO THE VEHICLE OR ANY OF ITS PARTS OR ACCESSORIES AND (2) MAKES NO WARRANTY OF MERCHANTABILITY OR FITNESS OF THE VEHICLE FOR ANY PARTICULAR PURPOSE. I ACKNOWLEDGE THAT I AM LEASING THE VEHICLE FROM THE LESSOR "AS IS."

## 17. INSURANCE DISCLOSURE AND VERIFICATION

The valid and collectible liability insurance and personal injury protection of any authorized rental or leasing driver is primary for the limits of liability and personal injury protection required by §§ 324.021(7) and 627.736, Florida Statutes.
I agree to maintain the insurance coverage described in Section 23. I affirm that such insurance is in force on the date of the Lease. I authorize Lessor and its assignees to speak to my insurance agent or company, and any future insurance agents or companies, about my coverage for the leased Vehicle.

Insurance Company: GEICO — Policy No.: 4164582910 — Coverage Verified (Lessor Employee's Initials): [initials]
Agent Name: GEICO — Address: — Phone No.: 8008413000

All matters regarding insurance should be sent by e-mail to [illegible], or faxed to (888) 725-6496

Lessor's Right to Cancel. a. Lessor agrees to deliver the vehicle to me on the date this Lease is signed by Lessor and me. I understand that it may take a few days for Lessor to verify my credit, locate a party willing to purchase this Lease on the exact terms shown on the front of this Lease, and assign the Lease to a financial institution. I agree that Lessor has the number of days stated below to assign this Lease. I agree that if Lessor is unable to assign the Lease within this time period to any one of the financial institutions with whom Lessor regularly does business under an assignment acceptable to Lessor, Lessor may cancel the Lease.

b. If Lessor elects to cancel under the Lessor's Right to Cancel pursuant to Paragraph a above, Lessor will give me written notice (or in any other manner in which actual notice is given to me). Upon receipt of such notice, I must immediately return the vehicle to Lessor in the same condition as when sold, reasonable wear and tear excepted. Lessor must give me back all consideration Lessor has received in accordance with the terms of this Lease and/or other documents relating to the vehicle.

c. [illegible]

d. In the alternative to returning the vehicle, I may immediately purchase the vehicle pursuant to Section 30 or an amount agreed upon between Lessor and me, with other funds arranged by me, or I may immediately attempt to negotiate and sign a new lease agreement with Lessor based on different lease terms (for example, a larger capitalized cost reduction, a required cosigner, etc.); although, nothing stated herein obligates Lessor to do so or to waive Lessor's right to cancel the Lease and retake possession of the vehicle as above provided.

e. The terms of the Lessor's Right to Cancel survive Lessor's cancellation of this Lease.

If Lessee and Co-Lessee, if applicable, sign here, the Lessor has the right to cancel within 10 days.

LESSEE SIGNATURE X [signature] CO-LESSEE SIGNATURE X ______

## 18. LESSEE NOTICES AND SIGNATURE(S)

In this Section 18, I am referred to as "You."

**THIS IS A LEASE AGREEMENT. THIS IS NOT A PURCHASE AGREEMENT. PLEASE REVIEW THESE MATTERS CAREFULLY AND SEEK INDEPENDENT PROFESSIONAL ADVICE IF YOU HAVE ANY QUESTIONS CONCERNING THIS TRANSACTION. YOU ARE ENTITLED TO AN EXACT COPY OF THE AGREEMENT YOU SIGN.**

**By signing below, you acknowledge that:**
- **This Lease is completely filled out;**
- **You have no ownership rights in the Vehicle unless and until you exercise your option to purchase the Vehicle;**
- **You have read both sides of this Lease carefully and agree to all of its terms; and**
- **You have received a completely filled in copy of this Lease.**

X [signature] Lessee — X ______ Lessee
By (Print Name & Title if Corporation) — By (Print Name & Title if Corporation)

## 19. GUARANTY

I jointly and severally guarantee payment and performance of all promises contained in this Lease. Upon default, Lessor may proceed immediately against me without first proceeding against the Lessee. My liability will be unconditional and will not be affected by any settlement, extension, renewal or modification of the Lease whether or not by operation of law. I waive all rights to notices of every kind, including rights to demand and presentment. I agree to pay all expenses (including reasonable attorney's fees and legal expenses, as allowed by applicable law) you incur if you have to enforce this Guaranty.

Guarantor's Signature X ______ — Guarantor's Signature X ______
Name — Name
Address — Address

## 20. LESSOR'S ACCEPTANCE AND ASSIGNMENT

By signing below, Lessor (1) accepts the terms, conditions and obligations of the Lease and (2) assigns all right, title and interest in the Vehicle and this Lease to the Assignee listed in Section 2 above. The Lease, including all amounts to become due under it, and any Guaranty, are subject to the provisions of the Center Agreement between Lessor and BMW FS.

Lessor Name: Lauderdale BMW of Ft Lauderdale — Signature of Authorized Representative: [signature]

[illegible]

**MY OBLIGATIONS DURING THIS LEASE**

**21. Vehicle Use.** I agree not to use (or permit others to use) the Vehicle (a) in any way that violates the law or the terms of my insurance policy or this Lease, (b) to transport goods or people for hire, lease or rental to others, (c) outside the state where it was first titled for more than 30 days without your prior written consent or (d) outside the United States, except for less than 30 days in Canada. I will not allow an uninsured person to operate the Vehicle at any time, or allow any third party, other than my spouse, to operate the Vehicle without written permission from you. I will not physically change the Vehicle's body or interior in any way unless I first get your written consent.

**22. Vehicle Maintenance, Service, Repairs, and Reconditioning.** I agree to maintain, service, repair, and recondition the Vehicle during the Lease Term with new and genuine BMW manufacturer's original equipment replacement parts as recommended in the Vehicle owner's manual. I will keep complete maintenance records and return them with the Vehicle.

I am responsible for repairs of all collision, accident, and other physical damage that is not a result of normal wear and use. These repairs include, but are not limited to, those necessary to return the Vehicle to its pre-damage condition, including, but not limited to, repairing damage to exterior panels and components, structural components, vehicle safety systems such as airbag systems and seatbelts, and the Vehicle's interior. All repairs must be made with new and genuine manufacturer's original equipment replacement parts. I will discuss these requirements with my insurance company prior to signing my insurance agreement, damage repair estimate, or before authorizing any damage repair work. If I have not had the repairs made before the Vehicle is returned at or before the end of the scheduled Lease Term, I will pay the estimated cost of such repairs to restore the Vehicle to its pre-damage condition, even if the repairs are made after the Vehicle is returned.

If the Vehicle's odometer becomes inoperative or malfunctions, I agree to notify you and have the odometer repaired within 30 days. I agree not to make any alterations that decrease the Vehicle's value or usefulness or that violate the law. If I add non-standard equipment to the Vehicle, I will return it to original manufacturer specifications before the end of the Lease Term. If the non-standard equipment cannot be removed or modified without decreasing the Vehicle's value or usefulness when the Vehicle is returned to you, the equipment will become your property, and I may be billed in accordance with Section 35 below. You may inspect the Vehicle at any reasonable time.

**NO PHYSICAL DAMAGE OR LIABILITY INSURANCE COVERAGE FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS INCLUDED IN THIS LEASE.**

**23. Required Insurance.** [illegible]

**24. Registration, Titling, and Taxes.** [illegible]

**25. Payments, Late Charge, Returned Payment Charge, Fines, and Traffic Tickets.** [illegible]

**26. Default and Remedies.** [illegible]

**27. Vehicle Loss or Damage.** [illegible]

**28. "Gap Amount" Waiver.** [illegible]

**29. Power of Attorney.** [illegible]

**ENDING MY LEASE**

**30. Purchase Option.** [illegible]

**31. Vehicle Return.** [illegible]

**32. Scheduled Termination of the Lease.** [illegible]

**33. Early Termination of the Lease.** [illegible]

**34. Realized Value of the Vehicle.** [illegible]

**35. Excessive Wear and Use.** [illegible]

**ADDITIONAL INFORMATION**

**36. Indemnification.** [illegible]

**37. Refundable Security Deposit.** [illegible]

**38. Assignment.** [illegible]

**39. Notices.** [illegible]

**40. Other Terms.** [illegible]

**41. Arbitration Clause**

**PLEASE REVIEW - IMPORTANT - AFFECTS OUR LEGAL RIGHTS**

[illegible]

Mail Lien Satisfaction to: Dept of Highway Safety and Motor Vehicles, Neil Kirkman Building, Tallahassee, FL 32399-0500

B02610

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| WBY2Z2C5XGV675450 | 2016 | BMW | 2D | 3455 | | 125553555 |

Registered Owner:

Date of Issue 01/04/2017

FINANCIAL SERVICES VEHICLE TRUST
5550 BRITTON PKWY
HILLIARD OH 43026-7456

Mail To:

12/06/2016
FINANCIAL SERVICES VEHICLE TRUST
5550 BRITTON PKWY
HILLIARD OH 43026-7456

Lien Release
Interest in the described vehicle is hereby released
By________
Title________
Date________

IMPORTANT INFORMATION

1. When ownership of the vehicle described herein is transferred, the seller MUST complete in full the Transfer of Title by Seller section at the bottom of the certificate of title.
2. Upon sale of this vehicle, the seller must complete the notice of sale on the reverse side of this form.
3. Remove your license plate from the vehicle.
4. See the web address below for more information and the appropriate forms required for the purchaser to title and register the vehicle, mobile home or vessel: http://www.flhsmv.gov/html/titlinf.html

STATE OF FLORIDA

LIEN SATISFACTION

# CERTIFICATE OF TITLE

| Identification Number | Year | Make | Body | WT-L-BHP | Vessel Regis. No. | Title Number |
|---|---|---|---|---|---|---|
| WBY2Z2C5XGV675450 | 2016 | BMW | 2D | 3455 | | 125553555 |

| Prev State | Color | Primary Brand | Secondary Brand | No of Brands | Use | Prev Issue Date |
|---|---|---|---|---|---|---|
| | SIL | | | | PRIVATE | |

| Odometer Status or Vessel Manufacturer or OH use | Hull Material | Prop | Date of Issue |
|---|---|---|---|
| 60 MILES 12/06/2016 ACTUAL | | | 01/04/2017 |

Lien Release
Interest in the described vehicle is hereby released
By________
Title________
Date________

Registered Owner

FINANCIAL SERVICES VEHICLE TRUST
5550 BRITTON PKWY
HILLIARD OH 43026-7456

1st Lienholder

12/06/2016
FINANCIAL SERVICES VEHICLE TRUST
5550 BRITTON PKWY
HILLIARD OH 43026-7456

DIVISION OF MOTORIST SERVICES TALLAHASSEE FLORIDA DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES

Robert R. Kynoch
Director

Control Number 140893615

Terry L. Rhodes
Executive Director

TRANSFER OF TITLE BY SELLER (This section must be completed at the time of sale.)

Federal and/or state law require that the seller state the mileage, purchaser's name, selling price and date sold in connection with the transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.
This title is warranted to be free from any liens except as noted on the face of the certificate and the motor vehicle or vessel described is hereby transferred to:

Seller Must Enter Purchaser's Name: ________ Address: ________
Seller Must Enter Selling Price: ________ Seller Must Enter Date Sold: ________

I/We state that this ☐ 5 or ☐ 6 digit odometer now reads ______ (no tenths) miles, date read ____ and I hereby certify that to the best of my knowledge the odometer reading:
☐ 1. reflects ACTUAL MILEAGE. ☐ 2. is IN EXCESS OF ITS MECHANICAL LIMITS. ☐ 3. is NOT THE ACTUAL MILEAGE.

UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING DOCUMENT AND THAT THE FACTS STATED IN IT ARE TRUE.

SELLER Must Sign Here: ________ CO-SELLER Must Sign Here: ________
Print Here: ________ Print Here: ________
Selling Dealer's License Number: ________ Tax No.: ________ Tax Collected: ________
Auction Name ________ License Number ________

PURCHASER Must Sign Here: ________ CO-PURCHASER Must Sign Here: ________
Print Here: ________ Print Here: ________

NOTICE: PENALTY IS REQUIRED BY LAW IF NOT SUBMITTED FOR TRANSFER WITHIN 30 DAYS AFTER DATE OF PURCHASE

HSMV 82250 (REV. 3/15) STATE OF FLORIDA