**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 7 |
| Geoffrey Farrell Zilberberg, ) | |
| ) | CASE NO. 20-68775-pmb |
| Debtor. ) | |
| -------------------------------------------------- | |
| ) | |
| Heritage Select, LLC, ) | |
| ) | |
| Movant, ) | |
| ) | **CONTESTED MATTER** |
| v. ) | |
| ) | |
| Geoffrey Farrell Zilberberg, ) | |
| ) | |
| Respondent. ) | |

**AMENDED MOTION FOR RELIEF FROM AUTOMATIC STAY AND**
**REQUEST FOR WAIVER OF RULE 4001(a)(3)**

**COMES NOW,** Heritage Select, LLC, Movant in the above-styled case, by and through the undersigned attorney, and moves this Court for a relief from the automatic stay pursuant to 11 U.S.C. §362 and requests for waiver of Rule 4001(a)(3), and shows this honorable Court as follows:

1.

Debtor is currently residing at a property owned by the Movant located at 971 Davis Drive, Atlanta, Georgia 30327 (*hereinafter* "Property").

2.

On July 7, 2020, due to Debtor's default on his mortgage payments, the Property was sold to the Movant at a foreclosure sale.

3.

On August 13, 2020 (made retroactive to July 7, 2020), NewRez LLC as Attorney in Fact for Redwood Residential Acquisition Corp., as Attorney in Fact for Geoffrey Farrell Zilberberg, conveyed a Deed Under Power for the Property to Heritage Select LLC. (the "Deed Under Power").  This Deed Under Power was recorded in Deed Book 62134 Page 107, Fulton County Georgia Records.  A true and correct copy is attached hereto as Exhibit "A".  Movant is the current owner of the Property.

**A.      LIFT STAY IN SUPERIOR COURT ACTION**

4.

On August 5, 2020, prior to filing of this bankruptcy case, Debtor filed a "Verified Complaint for Emergency Injunctive Relief, Wrongful Foreclosure, Quia Timet and Other Relief" (hereinafter "Injunctive Complaint"), against Redwood Residential Acquisition Corp., Newrez LLC d/b/a Shellpoint Mortgage Servicing, and Heritage Select, LLC, to challenge the foreclosure sale in Civil Action No. 2020CV339006, in the Superior Court of Fulton County. (the "Superior Court Action").

5.

In the Superior Court Action, the Debtor requested and obtained an emergency hearing on his Motion for Interlocutory Injunction or Temporary Restraining Order before the Honorable Judge Thomas Cox, which was held August 6, 2020.  At the emergency hearing, Judge Cox announced he was ruling against the Debtor.

6.

In a bit of forum shopping and procedural gamesmanship, after learning that he was not receiving a favorable result in the Superior Court Action, on August 6, 2020, Debtor

filed the above-styled case as a Chapter 13 case. The Debtor caused his counsel to announce to the Superior Court that it had been filed during the hearing. Thereafter, Debtor's counsel claimed to the Court through email correspondence that an automatic stay was in place which would also have prevented Judge Cox from filing any orders.

7.

Despite the filing of this action on August 6, 2020, an Order Denying Plaintiff's Motion for Interlocutory Injunction or Temporary Restraining Order was filed on August 11, 2020 in the Superior Court Action. A true and correct copy is attached as Exhibit "B".

8.

On August 11, 2020, at the request of the Debtor, the case was converted to a Chapter 7 case.

9.

Movant respectfully submits that the Superior Court Action was not stayed by this bankruptcy action, because it is an action brought by the Debtor. *See* 11 U.S.C. § 362; *Martin–Trigona v. Champion Fed. Sav. & Loan Ass'n*, 892 F.2d 575, 577 (7th Cir.1989) (the automatic stay is inapplicable to suits by the debtor); *Carley Capital Group v. Fireman's Fund Ins. Co.*, 889 F.2d 1126, 1127 (D.C.Cir.1989) (same); see also *Victor Foods, Inc. v. Crossroads Econ. Dev. of St. Charles County, Inc.*, 977 F.2d 1224, 1227 (8th Cir.1992); *Trans Caribbean Lines, Inc. v. Tracor Marine, Inc.*, 49 B.R. 360, 362 (S.D.Fla.1985) (stating that the automatic stay provision only applies to proceedings against the debtor).

10.

However, in an abundance of caution, Movant moves the Court to lift any stay regarding the Superior Court Action (including the Defendants' rights to file

counterclaims), to confirm that the Order Denying Plaintiff's Motion for Interlocutory Injunction or Temporary Restraining Order was not void for being in violation of a stay, or alternatively to retroactively lift any stay regarding the Superior Court Action and the Order.

**B.    LIFT STAY TO ALLOW POST-FORECLOSURE DISPOSSESSORY ACTION**

11.

Upon information and belief, Debtor and/or his personal items, are still occupying the Property. Debtor has not provided any adequate assurance he will vacate, or that he will compensate Movant for any financial loss resulting from both Debtor's continued presence in the Property. Moreover, there has not been any adequate assurance or notice (formal or informal) that Debtor will vacate at any point in time in the future.

12.

Debtor has caused Movant undue hardship and acted in bad faith. Movant is unable to move forward with taking possession of its Property and will continue to incur costly attorney fees.

13.

Because Debtor has not demonstrated or made known any intentions to vacate the premises, nor has Debtor submitted any documentation to the contrary under the provisions of the bankruptcy code, Movant is not adequately protected. For the above and foregoing reasons, Movant asserts cause exists sufficient to waive the requirements of Bankruptcy Rule 4001(a)(3), therefore allowing an Order to be effective upon this Honorable Court's signature.

14.

Movant respectfully requests that this Court provide an Order stating that the automatic stay is no longer in effect so that Movant can move forward with taking possession of its Property including but not limited to pursing a dispossessory proceeding related to this Property, and obtaining any rent, attorney's fees or other damages, pursuant to state law.

**C.    LIFT STAY TO CONFIRM VALIDITY OF DEED UNDER POWER**

15.

The Debtor's equity of redemption in the Property was foreclosed at the conclusion of the foreclosure sale on July 7, 2020. See *In re Taylor*, 2018 WL 1267998 (Bankr. N.D. Ga. 2018) (applying reasoning of *Tampa Inv. Group, Inc. v. Branch Banking and Trust Co., Inc.*, 290 Ga. 724, 723 S.E.2d 674 (2012) opinion to hold equity of redemption terminates at acceptance of high bid)); In re Gray, 37 B.R. 532 (Bankr. N.D. Ga. 1984) (holding sale complete at acceptance of high bid),  Accordingly, the Debtor had no more interest in the Property which could be affected by these bankruptcy proceedings.

16.

However, in an abundance of caution, Movant moves the Court to confirm that Redwood Residential Acquisition Corp. and Newrez LLC d/b/a Shellpoint Mortgage Servicing properly caused the Deed Under Power for the Property to be conveyed and delivered to Heritage Select, LLC, and that the execution, recording and delivery of the Deed Under Power to Movant is not void for violating any stay.  Alternatively, Movant moves the Court to retroactively lift any stay regarding the execution, recording and delivery of the Deed Under Power to Movant.

**WHEREFORE**, Movant prays:

(a) That this Court hold a hearing pursuant to this Motion within thirty (30) days as is required under 11 U.S.C. § 362 (e);

(b) That this Court enter an Order confirming that the Property was not the property of the Debtor at the time of filing and that the automatic stay in this case does not apply to the Property;

(c) That this Court enter an Order confirming the validity of the execution, delivery and recording of the Deed Under Power;

(d) That this Court enter an Order confirming that the Order Denying Plaintiff's Motion for Interlocutory Injunction or Temporary Restraining Order entered by the Superior Court of Fulton County is valid;

(e) That this Court enter an Order confirming no stay is in place regarding the Superior Court Action;

(f) That this Court enter an Order granting relief from the automatic stay to allow Movant to take possession of its Property including but not limited to pursing a dispossessory proceeding related to this Property (including any claims for rent, damages, or attorney's fees and expenses);

(g) That the Court order that Federal Rule of Bankruptcy Procedure 4001(a)(3) is not applicable so that Movant may immediately enforce and implement an order granting relief from the automatic stay; and

(h) That the Court grants such other and further relief as may be equitable and just under the circumstances.

This the 26th day of August, 2020.

                                                  Respectfully submitted,
                                                  BLEVINS & HONG, P.C.


                                                  ____/s/_____
                                                  Soo J. Hong
                                                  Georgia Bar No. 129608
                                                  Attorney for Movant

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, GA 30060
P: 678-354-2290
F: 678-981-8413
bk@cobbcountylaw.com

Deed Book 62134 Page 107
Filed and Recorded 8/21/2020 3:30:00 PM
2020-0268369
Cathelene Robinson
Clerk of Superior Court
Fulton County, GA
Participant IDs: 5872937114
7067927936

File No.: SHP-18-06667

RECORD AND RETURN TO:
**Rubin Lublin LLC**
3145 Avalon Ridge Place
Suite 100
Peachtree Corners, GA 30071
(770) 246-3300

PARCEL ID: 17 017700010216

CROSS INDEX TO DEED BOOK 55693,
PAGE 175, FULTON COUNTY, GEORGIA
RECORDS

STATE OF S. Carolina

COUNTY OF Greenville

## DEED UNDER POWER

THIS INDENTURE, dated July 7, 2020, by GEOFFREY FARRELL ZILBERBERG ("Borrower") acting through his or her duly appointed agent and attorney in fact REDWOOD RESIDENTIAL ACQUISITION CORP ("Lender") as Party of the First Part, and HERITAGE SELECT, LLC as Party of the Second Part:

WITNESSETH:

WHEREAS, Borrower executed and delivered to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS GRANTEE, AS NOMINEE FOR QUICKEN LOANS, INC., ITS SUCCESSORS AND ASSIGNS, that certain Security Deed dated December 15, 2015, and recorded December 22, 2015, in Deed Book 55693, Page 175, Fulton County, Georgia Records, conveying the after-described property, as last transferred to Redwood Residential Acquisition Corp, by Assignment, if required, pursuant to O.C.G.A. §44-14-162, to secure the payment of a Promissory Note of even date therewith, in the original principal amount of Six Hundred Thirty-Two Thousand and 00/100 dollars ($632,000.00); and

WHEREAS, default in the payment under said Note occurred, and whereas by reason of said default, Lender elected, pursuant to the terms of said Deed and Note, and declared the entire principal and interest immediately due and payable; and

WHEREAS, Lender did perform a diligent search of the bankruptcy records for each known Borrower and determined that Lender was not subject to an automatic stay in bankruptcy both at the time foreclosure proceedings commenced and the time the Property was sold; and

WHEREAS, the entire indebtedness remaining in default, and in accordance with the terms of said Security Deed, Lender did advertise said property for sale once a week for four (4) weeks immediately preceding the sale in the newspaper in Fulton County, Georgia, wherein the Sheriff carried his advertisement, namely Daily Report; and

WHEREAS, notice was given in compliance with Georgia Laws 1981, Volume I, Page 834, codified as O.C.G.A. §§ 44-14-162.2 and 44-14-162.4. The notice required was rendered by mailing a copy of the Notice of Sale Under Power that was submitted to the publisher of Daily Report, to the Borrower and any other "Debtor" (as defined by O.C.G.A. § 44-14-162.1) at least thirty (30) days prior to the foreclosure sale date of July 7, 2020; and

WHEREAS, Lender did expose said land for sale to the highest bidder for cash on the first Tuesday in July, 2020, within the legal hours of sale at the Fulton County Courthouse and offered said property for sale at public outcry to the highest bidder for cash when and where Party of the Second Part bid Eight Hundred Thirty-One Thousand and 00/100 dollars ($831,000.00) and;

WHEREAS, said property was auctioned off to the Party of the Second Part for the aforementioned sum of money in cash.

NOW, THEREFORE, in consideration of the premises and said sum of money and by virtue of and in the exercise of the power of sale contained in the Security Deed, the Party of the First Part has bargained, sold, granted and conveyed, and by these presents does hereby bargain, sell, grant and convey to the Party of the Second Part, said Party's representatives, heirs, successors and assigns, the following described property:

ALL THAT TRACT OR PARCEL OF LAND LYING AND BEING IN LAND LOT 177 OF THE 17TH DISTRICT OF FULTON COUNTY, GEORGIA, AND BEING TRACT B OF THAT CERTAIN MINOR SUBDIVISION PLAT OF INMAN SUBDIVISION, AS SHOWN ON PLAT OF SURVEY RECORDED IN PLAT BOOK 385, PAGES 36-38, FULTON COUNTY, GEORGIA RECORDS, WHICH PLAT IS INCORPORATED HEREIN BY REFERENCE AND MADE A PART HEREOF.

THIS PROPERTY IS NOW OR WAS FORMERLY KNOWN AS 971 DAVIS DR, ATLANTA, GA 30327

Together with all rights, members and appurtenances thereto, also all the estate, right, title, interest, claim or demand of Party of the First Part, or said Party's representatives, heirs, successors and assigns, legal, equitable or otherwise whatsoever, in and to the same.

THIS CONVEYANCE IS SUBJECT TO all zoning ordinances; matters which would be disclosed by an accurate survey or by an inspection of the property; any outstanding taxes, including but not limited to ad valorem taxes, which constitute liens upon said property; all restrictive covenants, easements, rights-of-way and any other matters of record superior to said Security Deed.

TO HAVE AND TO HOLD the said property and every part thereof unto the Party of the Second Part and said Party's representatives, heirs, successors and assigns, to said Party's own proper use, benefit and behoof in FEE SIMPLE, in as full and ample a manner as said Party of the First Part or said Party's representatives, heirs, successors and assigns, did hold and enjoy the same.

IN WITNESS WHEREOF, Lender as Attorney in Fact for Borrower has affixed its hand and seal on this 13th day of August, 2020, to be effective as of the date first above written.

**Signed, Sealed and Delivered**
**in the presence of:**

_____
Unofficial Witness Wilma Colón

_____
Notary Public

My Commission Expires: 8/23/2026

(Notary Seal)
TERESA H HUBNER
MY COMMISSION
EXPIRES
8/23/2026
NOTARY PUBLIC
SOUTH CAROLINA

**BY NewRez LLC, F/K/A New Penn Financial, LLC, D/B/A Shellpoint Mortgage Servicing AS ATTORNEY IN FACT FOR REDWOOD RESIDENTIAL ACQUISITION CORP, AS ATTORNEY IN FACT FOR GEOFFREY FARRELL ZILBERBERG**

By: _____ (L.S.)
Printed Name: Traci Luckhaupt
Title: VP

Attest: _____ (L.S.)
Printed Name: Phillip A. Pluister
Title: AVP

(Corporate Seal)

SHP-18-06667                                Page 2 of 2                         Deed Under Power

Case 20-68775-pmb    Doc 27    Filed 08/26/20    Entered 08/26/20 14:29:03    Desc Main
Document      Page 10 of 19

**EXHIBIT B**

Fulton County Superior Court
***EFILED***QW
Date: 8/11/2020 1:36 PM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **GEOFFREY FARRELL ZILBERBERG,**<br><br>      Plaintiff,<br><br>v.<br><br>**REDWOOD RESIDENTIAL ACQUISITION CORP.; NEWREZ LLC D/B/A SHELLPOINT MORTGAGE SERVICING; and HERITGAGE SELECT, LLC,**<br><br>      Defendants. | Case No.: 2020CV339006 |

**ORDER DENYING PLAINTIFF'S MOTION FOR INTERLOCUTORY INJUNCTION
OR TEMPORARY RESTRAINING ORDER**

This matter is before the Court on Plaintiff Geoffrey Farrell Zilberberg's ("Plaintiff") Motion for Interlocutory Injunction or Temporary Restraining Order (the "Motion"), filed on August 5, 2020. On August 6, 2020, the Court held a hearing via Zoom. The parties were represented at the hearing by counsel. Plaintiff was represented by Thomas Stubbs, Defendants Redwood Residential Acquisition Corp. ("Redwood"), and NewRez LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint") by Bret Chaness, and Defendant Heritage Select, LLC ("Heritage") by John Grimes. Testimony was heard from the Plaintiff, Natalie James, and Ian Clark. After the hearing, the Court announced that the Motion was denied.[1] This Order memorializes the ruling that was made on the record in open court on August 6, 2020.

---

[1] The hearing concluded just between 3:00 p.m. and 3:30 p.m.. Shortly before 4:00 p.m., Mr. Stubbs filed a "Suggestion of Plaintiff's Bankruptcy," advising that the Plaintiff filed for Chapter 13 bankruptcy in the U.S. Bankruptcy Court for the Northern District of Georgia at 2:49 p.m.

1

## FINDINGS OF FACT

This case relates to the July 7, 2020, foreclosure sale of the real property located at 971 Davis Drive, Atlanta, Georgia 30327 (the "Property"). The Plaintiff testified that he believes the current fair market value of the property is at least $1,500,000.00. Plaintiff purchased the Property on December 15, 2015, and financed the purchase by obtaining a mortgage loan from Quicken Loans for $632,000.00. To secure repayment of this loan, Plaintiff conveyed the Property via Deed to Security Deed in favor of Mortgage Electronic Registration Systems. Inc., as nominee for Quicken Loans, Inc., its successors, and assigns (the "Security Deed"). The Security Deed was recorded on December 22, 2015, in Deed Book 55693, Page 175, Fulton County, Georgia records. On March 20, 2018, MERS assigned the Security Deed to Redwood via an assignment recorded on April 9, 2018, in Deed Book 58648, Page 281, Fulton County, Georgia records.

At the hearing, the Plaintiff admitted that it has been at least three years since he made any mortgage payment due under the Security Deed and did not raise any defense to paying the debt. The Plaintiff further admitted that he did not tender the full amount due to Redwood prior to the initiation of the lawsuit or prior to the hearing. Because the Plaintiff was in default on his mortgage, Redwood scheduled a foreclosure sale for July 7, 2020. There was no argument made that notice and advertisement of the sale was not in compliance with Georgia law. Rather, Plaintiff attempted to introduce evidence that he was told by various non-parties to this suit that the sale would not be

---

However, the bankruptcy filing does not impact this case, as the automatic stay does not apply to lawsuits filed *by* the debtor. *Thomas v. Blue Cross and Blue Shield Ass'n*, 333 F. App'x 414, 420 (11tth Cir. 2014) (citing *Crosby v. Monroe County*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004)) (citations omitted). The automatic stay also does not prevent defendants from opposing a lawsuit filed by a debtor. *Id.* at 421 (citing *Martin-Trigona v. Champion Fed. Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989)). Additionally, as a Chapter 13 debtor, the Plaintiff retains standing to prosecute pre and post-petition lawsuits. *Evans v. First Mount Vernon, ILA*, 786 F. Supp. 2d 347, 353 (D.D.C. 2011) (collecting cases). As such, this case will proceed in its normal course.

taking place on July 7. In particular, the Plaintiff focused on the argument that someone at the Fulton County Sheriff's Department told him or his agent, Natalie James, that no public or private non-judicial sales would be taking place on July 7. However, the totality of the testimony on that point was ruled to be hearsay and has been excluded by the Court and not considered in this decision. The Plaintiff did call Natalie James as a witness, who is a non-attorney hired to assist the Plaintiff in obtaining a loan modification. Plaintiff attempted to introduce evidence that Ms. James was also of the understanding, based solely on excluded hearsay, that the sale would not take place on July 7 and that she was in communication with the Plaintiff on this point. Notably, Ms. James attempted to testify as to her understanding of Georgia law concerning the receipt of payoff quotes before a foreclosure sale and whether sales can take place on days when the Sheriff is not holding judicial sales. However, Ms. James admitted during cross-examination that, on behalf of the Plaintiff, she contacted the law firm conducting the foreclosure sale on July 6 and requested a payoff and reinstatement quote to try to stop the sale "scheduled for tomorrow."

The sale proceeded on July 7, 2020, and the Property was sold to Heritage for approximately $841,000.00. On behalf of Heritage, Ian Clark testified that multiple bidders were on hand for the sale and that bidding started at approximately $740,000.00. Competitive bidding drove the sales price up nearly $100,000.00 from the opening bid. Mr. Clark further testified that the sale took place outside on the courthouse steps of the Fulton County Courthouse, that all bidders for this particular sale were wearing face coverings as protection from COVID-19, and that deputies from the Fulton County Sheriff's Department were observing the sale from inside the doors of the courthouse. Mr. Clark further testified that he estimated approximately 40 bidders on hand for other sales and that every person he observed was wearing a face covering.

The Plaintiff argued that this sales price was grossly inadequate and that the inadequate price was caused by an administrative order of this Court that he contends turned away prospective bidders. On June 12, 2020, Chief Judge Christopher S. Brasher issued an Administrative Order related to COVID-19 titled *In re: Atlanta Judicial Circuit Guidelines for Expanding In-Person Proceedings*, No. 2020-EX-000624 (the "Administrative Order"). Attached to the Administrative Order are a set of guidelines that court staff and the Sheriff's Department, are to follow before the court allowing expanded in-person proceedings in the Fulton County Courthouse. It also sets forth social distancing guidelines and other safety considerations for court visitors to follow inside the courthouse.

The Plaintiff now seeks a temporary restraining order or an interlocutory injunction to prevent Redwood from executing a deed to Heritage. The Plaintiff filed his Complaint and Motion on August 5, 2020, in an attempt to set aside the foreclosure sale. The Complaint included a document titled "Verification", which was the Plaintiff's attempt to verify his pleading. The document does not have any original signatures and is instead "/s/" by the Plaintiff and the notary. The document does not contain a notary seal. The Motion seeks an injunction on the following grounds:

> a. The sale was conducted in a manner and under circumstances that Redwood/NewRez knew or should have known would result in an inadequate price because personnel in the Fulton County Sheriff's Department and the Fulton County Superior Court Clerk's office were telling all callers that all such sales had been cancelled;
>
> b. The sale was conducted in a manner and under circumstances that Redwood/NewRez knew or should have known would result in an inadequate price because it was conducted on a day when the Fulton County Sheriff had announced he would not permit any sheriff's sales and sales such as the foreclosure sale of Mr. Zilberberg's property, by statute, are permitted to be conducted only on days when sheriff's sales are permitted;
>
> c. The sale was conducted in a manner and under circumstances that Redwood/NewRez knew or should have known would result in an inadequate price

4

because it was conducted in violation of this Court's standing order as issued on June 12, 2020, regarding court operations during the pandemic and anyone who attended risked being held in contempt of court;

d. The sale was illegal because Redwood/NewRez's alleged authority to exercise the relevant power of sale is derived from a "corporate assignment" that is, on its face, not credible, being allegedly executed by a company with a Michigan address through its alleged agent with an Idaho address (which address indicates she works for a different business) ostensibly before a witness and notary in South Carolina all related to property located in Fulton County, Georgia.

(Motion, pp. 2-3).

For the reasons that follow, the Motion is hereby **DENIED**.

## CONCLUSIONS OF LAW

Under Georgia law, "[t]he granting and continuing of injunctions shall always rest in the sound discretion of the judge, according to the circumstances of each case. This power shall be prudently and cautiously exercised and, except in clear and urgent cases, should not be resorted to." O.C.G.A. § 9-5-8. The question, in this case, is what the grounds are to set aside a foreclosure sale and whether those grounds have been satisfied for purposes of granting injunctive relief.

When the requirements of the law or the mortgage are not obeyed in conducting a foreclosure sale, whether by judicial process or under a power of sale, the foreclosure sale will not stand. *See Coates v. Jones*, 142 Ga. 237, 82 S.E. 649 (1914). Additionally, sales will not be set aside unless one of the following six factors are present: (1) the indebtedness is not justly due; (2) there is no actual default; (3) the sale was not properly advertised; (4) the sale was not conducted in the manner required by law; (5) bidding was chilled through no fault of the mortgagor; or (5) the final bid price is grossly inadequate. A sale will not be set aside however, for mere inadequacy of price. Instead, "[a] sale under power may be set aside only when the price paid is grossly inadequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise, or other circumstances which authorized a finding that those circumstances contributed to bringing about

5

the inadequacy of price." *Clairmont Dev. Co. v. Trust Co. Bank*, 141 Ga. App. 180, 180, 233 S.E.2d 37 (1977) (citation omitted); *see also Gunter v. Tucker Fed. Sav. and Loan Ass'n*, 237 Ga. 806, 229 S.E.2d 662 (1976). Here, the Plaintiff contends that the only grounds that exist for setting aside the sale are that the sale was not conducted in the manner required by law, that bidding was chilled through no fault of his own, and that the sales price was grossly inadequate.

Here, the basis for the Plaintiff's argument that the sale was not conducted in the manner required by law is that the Sheriff's Department was allegedly not conducting any Sheriff's Sales on July 7, 2020. There was no evidence presented, however, to support this assertion, as all attempts to make such proof were excluded as hearsay. As such, the Court finds that the sale was conducted as required by law. Nevertheless, the Court finds this argument also to be unpersuasive. Under O.C.G.A. § 44-14-162(a), "[n]o sale of real estate under powers contained in mortgages, deed, or other lien contracts shall be valid unless the sale shall be advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located . . . ." The time, place, and manner of sheriff's sales are governed by O.C.G.A. § 9-13-161. This statute provides that sales are to take place at the courthouse on the first Tuesday of the month between 10:00 a.m. and 4:00 p.m. While there is no case law directly on the question of whether a sale can take place on a day when the sheriff is not conducting any sales, there is case law which strongly suggests that a non-judicial sale is valid as long as it takes place at the courthouse on the first Tuesday of the month between 10:00 a.m. and 4:00 p.m. and that sales do not need to be held exactly as the sheriff holds sales (i.e., if the sheriff holds sales every month at 3:30 p.m. that a non-judicial sale can only be held that exact time). *See Butler v. Forsyth County Bank*, 153 Ga. App. 122, 264 S.E.2d 502 (1980). Again, the Court finds that the sale here was conducted as required by law and in the manner of a sheriff's sale.

6

The Plaintiff further argued that bidding was chilled through no fault of the Plaintiff. The Court rejects this argument. The Court first finds that bidding was not chilled and finds the testimony of Ian Clark to be persuasive. Mr. Clark testified that there was competitive bidding for the Property and that due to this bidding, the final price was approximately $100,000 more than the opening bid price.

Next, the Plaintiff argued that the final sales price was grossly inadequate and was caused by "fraud, mistake, misapprehension, surprise, or other circumstances." "A sale under power may be set aside only when the price paid is grossly in adequate and the sale is accompanied by either fraud, mistake, misapprehension, surprise, or other circumstances which authorized a finding that those circumstances contributed to bringing about the inadequacy of price." *Clairmont Dev. Co.*, 141 Ga. App. at 180; *see also Gunter*, 237 Ga. 806. There is no evidence in this case that there was any type of fraudulent or improper activity associated concerning the bidding. Mr. Clark testified that the bidding was conducted outdoors, as it is every month. He further testified that every person present at the sale was wearing a mask and that others participated in the bidding. Mr. Clark further testified that members of the Sheriff's Department observed the sale from inside the glass doors of the courthouse. The Court finds that this does not give rise to any "fraud, mistake, misapprehension, surprise, or other circumstances" that would warrant setting aside the sale even if the Court were to find the sales price grossly inadequate.

Although not discussed at length during the hearing, the Court further finds that the Plaintiff's arguments concerning the alleged invalidity or other issues with the assignment of the Security Deed cannot serve as a basis for granting an injunction. Georgia law provides that borrowers, such as the Plaintiff, lack standing to challenge the assignment of a security deed since

7

the borrower is not a party to the assignment. *Ames v. JP Morgan Chase Bank, N.A.*, 298 Ga. 732, 738-40, 783 S.E.2d 614 (2016).

Even if the Plaintiff had been able to persuade the Court on any of the points discussed above, the Court finds that he is entitled to an injunction.

> Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and an injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due. The tender cannot be conditioned on the cancellation of a lien. Neither fraud nor poverty constitute an equitable excuse for failure to tender.

*Hill v. Filsoof*, 274 Ga. App. 474, 475-76, 618 S.E.2d 12 (2005) (citations omitted).

Here, the Plaintiff admitted that he did not tender the full amount due to Redwood. As such, he cannot obtain an injunction to set aside the sale or to prevent interference with his possession of the Property. Additionally, a plaintiff seeking an injunction, in any case, cannot obtain an injunction unless the petition is "verified positively by the petitioner or supported by other satisfactory proofs." O.C.G.A. § 9-10-110. The Court finds that the Complaint/Petition here was not properly verified. As noted earlier, the only signatures on the purported verification were "/s/" electronic signatures, but Georgia law requires that "in documenting a notarial act, a notary public shall sign on the notarial certification, *by hand in ink* . . . ." O.C.G.A. § 45-17-8.1 (emphasis added). Since there are no signatures on the verification "by hand in ink," the Complaint/Petition is not properly verified as required by O.C.G.A. § 9-10-110 and the Plaintiff is precluded from obtaining an injunction.

Lastly, an injunction is an equitable remedy. In looking at this point, the Court notes with particularity that the Plaintiff was aware of the fact that he was in default. He was aware of the fact that there was a pending foreclosure. And even more importantly, the testimony of Ms. Natalie James was also persuasive concerning this fact. The Plaintiff apparently, based on the totality of

8

circumstances of evidence presented, relied perhaps to his detriment on the advice of Ms. James, a non-attorney, regarding the existence of the sale. Equity will not intervene under such circumstances.

## CONCLUSION

Based on the foregoing, the Motion is hereby **DENIED**.

**SO ORDERED**, this 11th day of August 2020.

*/s/ Thomas A. Cox, Jr.*
THOMAS A. COX, JR., JUDGE
SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT

9

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing "Amended Motion for Relief and Notice of Hearing" upon all parties in this matter by placing a true and correct copy of the same in the United States Mail with adequate postage thereon addressed as follows:

Geoffrey Farrell Zilberberg
971 Davis Drive
Atlanta, GA 30327

*U.S. Trustee*
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

I further certify that the following parties were served via the ECF electronic mail/noticing system:

Kathleen Steil
Kathleen Steil, Trustee
Ogier, Rothschild & Rosenfeld, PC
P. O. Box 1547
Decatur, GA 30031

This the 26th day of August, 2020.

                 Respectfully submitted,
                 BLEVINS & HONG, P.C.

                 ____/s/_____
                 Soo J. Hong
                 Georgia Bar No. 129608
                 Attorney for Movant

BLEVINS & HONG, P.C.
191 Roswell Street
Marietta, GA 30060
P: 678-354-2290
F: 678-981-8413
bk@cobbcountylaw.com