## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GEOFFREY FARRELL ZILBERBERG, | ) | CASE NO. 20-68775-PMB |
| | ) | |
| Debtor. | ) | JUDGE BAISIER |
| _____ | ) | |

**NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING**

PLEASE TAKE NOTICE that Kathleen Steil as Chapter 7 Trustee (the "Trustee") filed a **CONSENT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT** (the "Motion") with the Court seeking an order authorizing her to settle controversies between the Chapter 7 Bankruptcy Estate (the "Estate") and Redwood Residential Acquisition Corp., Newrez LLC d/b/a Shellpoint Mortgage Servicing and Heritage Select, LLC (collectively the "Settling Entities") to resolve the following pending action and any counterclaims therein asserted against the Estate: *Geoffrey Farrell Zilberberg v. Redwood Residential Acquisitions, Corp. et. al.*, Superior Court of Fulton County, Georgia, Case No. 2020CV339006 (the "Superior Court Case").

**Background:** Prior to July 7, 2020, the date of the foreclosure sale, Debtor Geoffrey Farrell Zilberberg (the "Debtor") held an interest in real property located at 971 Davis Drive, Atlanta, Fulton County, Georgia (the "Property").

The history of the relevant lien holders that lead to the foreclosure is as follows: Quicken Loans Inc. was the holder of the Security Deed dated December 15, 2015, and recorded December 22, 2015, in Deed Book 55693, Page 175, Fulton County, Georgia Records encumbering the Property (the "Security Deed"). The Security Deed was transferred to Redwood Residential Acquisition Corp. via Assignment dated March 20, 2018, recorded on April 9, 2018 in Deed Book 58648, Page 281 of the Fulton County, Georgia Records (the "Assignment"). Newrez LLC d/b/a Shellpoint Mortgage Servicing acted as the servicer for Redwood Residential Acquisition Corp.

Subsequent to the filing of the Security Deed and Assignment, but prior to the foreclosure sale, on May 7, 2019, the Debtor executed a Quitclaim Deed transferring a one-half interest in the Property to his sister, Christine Maria Piccirillo ("Piccirillo"), which was recorded on May 30, 2019 in the Deed Book 60066, Page 225 of the Superior Court of Fulton County, Georgia (the "Zilberberg Deed"). A copy of the Quitclaim Deed from the Debtor to Piccirillo is attached to the Motion as Exhibit A. On July 7, 2020, the Property was sold to Heritage Select, LLC at a foreclosure sale for the purchase price of $831,000.00 (the "Foreclosure"). The law firm of Rubin Lublin, LLC served as foreclosure counsel for Redwood Residential Acquisitions Corp. and is currently in possession of excess foreclosure proceeds in the amount of $84,124.19 (the "Excess Proceeds"). On July 29, 2020, after the Foreclosure, Piccirillo executed a Quitclaim Deed transferring her one-half interest in the Property back to the Debtor, which was recorded on July 31, 2020 in Deed Book 62014, Page 481 of

the Fulton County, Georgia Records (the "Piccirillo Deed"). A copy of the Piccirillo Deed is attached to the Motion as Exhibit B.

On August 5, 2020, the Debtor filed his *Verified Complaint for Emergency Injunctive Relief, Wrongful Foreclosure, Quia Timet and Other Relief* (the "Complaint") and *Motion for Interlocutory Injunction or Temporary Restraining Order* (the "TRO Motion") against the Settling Entities in the Superior Court of Fulton County, Georgia thereby initiating the Superior Court Case. Among the relief request in the Complaint, the Debtor sought to: set aside the July 7, 2020 foreclosure of the Property, enjoin the transfer of any deed under power to Heritage Select, LLC, obtain an order directing the return of funds paid by Heritage Select, LLC, and obtain reasonable attorney's fees and expenses against the Settling Entities. On August 6, 2020 at 10:00AM, the Superior Court of Fulton County held a hearing on the Debtor's TRO Motion. At the hearing, the Judge ruled against the Debtor. On August 11, 2020, the Superior Court of Fulton County issued an order Denying the Plaintiff's Motion for Interlocutory Injunction or Temporary Restraining Order.

After the commencement of the hearing on the Debtor's TRO Motion, the Debtor then filed his voluntary petition for Chapter 13 relief on or about August 6, 2020 (the "Petition Date"), thereby initiating Bankruptcy Case No. 20-68775-pmb in the United States Bankruptcy Court for the Northern District of Georgia ("Bankruptcy Case"). The Bankruptcy Case was converted to Chapter 7 on August 11, 2020. Pursuant to 11 U.S.C. §541, the Debtor's pre-petition interest in the Superior Court Case is property of the Estate.

On August 13, 2020 made retroactive to July, 2020 (See Doc. 50), NewRez LLC, as attorney in fact for Redwood Residential Acquisitions Corp., as attorney in fact for the Debtor, executed a "Deed Under Power" (the "DUP"), conveying the Property to the Heritage Select, LLC which was recorded on August 21, 2020 in Deed Book 62134, Page 107 in the Fulton County, Georgia Records.

On September 30, 2020, this Honorable Court entered an Order Granting Heritage Select, LLC's *Motion for Relief from Automatic Stay and Request for Waiver of Rule 4001(a)(3)* (Doc. 50), thereby permitting Heritage Select, LLC, *inter alia*, to pursue a dispossessory proceeding against the Debtor (including any claims for rent, damages, or attorney's fees and expenses against the Debtor). The Estate is not in possession or control of the Property. Upon information and belief, the Debtor has not vacated the Property or surrendered same to Heritage Select, LLC; therefore, Heritage Select, LLC filed a counterclaim in the Superior Court Case, seeking, among other things, dispossession and damages.

**Settlement:** The Trustee and Settling Entities seek authority to resolve the Superior Court Case, including any counterclaims against the Estate as follows:

a. Rubin Lublin, LLC, foreclosure counsel for Redwood Residential Acquisitions Corp. and Newrez LLC d/b/a Shellpoint Mortgage Servicing, shall turn over all Excess Proceeds to the care and attention of the Chapter 7 Trustee within fourteen (14) days of entry of an Order approving this Motion. The funds shall be made payable to Kathleen Steil as Chapter 7 Trustee and reference bankruptcy case No. 20-68775 on their face. The Trustee shall hold the funds

2

subject to Picarillo's interest, if any.  The Trustee reserves the right to file any necessary adversary proceeding against Picarillo, including without limitation pursuant to 11 U.S.C. §§544, 547, 548, 550, and 551.

b. Upon receipt of the funds, the Chapter 7 Trustee shall dismiss, with prejudice, the pending Superior Court Case against the Settling Entities and file a release of the Debtor's Lis Pendens filed recorded on August 6,2020 in Lien Book 4898, Page 184 of the Fulton County Records.

c. The Bankruptcy Estate does not make any representations or warranties regarding the Property or its title history.

d. In exchange for the Trustee's dismissal of the Superior Court Case and the turnover of all Excess Proceeds to the Trustee, the Settling Entities shall dismiss, with prejudice, any and all counterclaims against the Estate.

e. Nothing in this settlement or the above referenced dismissals shall constitute a waiver of Heritage Select, LLC's rights, remedies and abilities to file any necessary dispossessory action against the Debtor personally and/or to seek recovery of claims for rent, damages, or attorney's fees and expenses against the Debtor personally.

The Trustee believes that the Settlement set forth herein is in the best interests of the creditors.  The Settlement between the Trustee and the Settling Entity results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and the attendant costs and risks.  In view of the defenses asserted, including the Fulton County Superior Court's order Denying the Plaintiff's Motion for Interlocutory Injunction or Temporary Restraining Order, and the uncertainty that generally accompanies all litigation, the Trustee believes that the Settlement with the Settling Entity should be approved by this Court.

Pursuant to General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within twenty-one (21) days from the date of service of this notice. **If you object to the relief requested in this proceeding, you must timely file your objection with the Bankruptcy Clerk at Clerk, United States Bankruptcy Court, Room 1340 United States Courthouse, Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303-3367**, and serve a copy on the Counsel for the Trustee, Kathleen Steil at Ogier, Rothschild & Rosenfeld, P.O. Box 1547, Decatur, GA 30031, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

A hearing on the pleadings has been scheduled for **January 25, 2021** at **1:35PM in Courtroom 1202** U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, Georgia, 30303.

**Given the current public health crisis, hearings may be telephonic only.  Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.**

3

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice or hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the hearing, the hearing will be held at the time and place as scheduled.

**<u>Your rights may be affected</u>. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: December 22, 2020

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By:___/s/ *Kathleen Steil*_____
Kathleen Steil
Georgia Bar No. 598895
*Chapter 7 Trustee and Counsel for Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orratl.com

4

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| GEOFFREY FARRELL ZILBERBERG, | ) | CASE NO. 20-68775-PMB |
| | ) | |
| Debtor. | ) | JUDGE BAISIER |

**CONSENT MOTION FOR APPROVAL OF**
**COMPROMISE AND SETTLEMENT**

Kathleen Steil as Chapter 7 Trustee (the "Trustee"), by and through counsel of record, files

this Consent Motion for Approval of Compromise and Settlement (the "Motion") in an effort to

obtain authorization to compromise and settle controversies between the Chapter 7 Bankruptcy

Estate (the "Estate") and Redwood Residential Acquisition Corp., Newrez LLC d/b/a Shellpoint

Mortgage Servicing and Heritage Select, LLC (collectively the "Settling Entities") to resolve the

following pending action and any counterclaims asserted therein against the Estate: *Geoffrey*

*Farrell Zilberberg v. Redwood Residential Acquisitions, Corp. et. al*., Superior Court of Fulton

County, Georgia, Case No. 2020CV339006 (the "Superior Court Case").

**I.  BACKGROUND**

1.

Prior to July 7, 2020, the date of the foreclosure sale  referenced  in paragraph 4 below, Debtor

Geoffrey Farrell Zilberberg (the "Debtor") held an interest in real property located at 971 Davis Drive,

Atlanta, Fulton County, Georgia (the "Property").

2.

The history of the relevant lien holders that led to the foreclosure is as follows: Quicken Loans

Inc. was the holder of the Security Deed dated December 15, 2015, and recorded December 22, 2015,

in Deed Book 55693, Page 175, Fulton County, Georgia Records encumbering the Property (the

"Security Deed"). The Security Deed was transferred to Redwood Residential Acquisition Corp. via Assignment dated March 20, 2018, recorded on April 9, 2018 in Deed Book 58648, Page 281 of the Fulton County, Georgia Records (the "Assignment"). Newrez LLC d/b/a Shellpoint Mortgage Servicing acted as the servicer for Redwood Residential Acquisition Corp.

3.

Subsequent to the filing of the Security Deed and Assignment, but prior to the foreclosure sale, on May 7, 2019, the Debtor executed a Quitclaim Deed transferring a one-half interest in the Property to his sister, Christine Maria Piccirillo ("Piccirillo"), which was recorded on May 30, 2019 in the Deed Book 60066, Page 225 of the Superior Court of Fulton County, Georgia (the "Zilberberg Deed"). A copy of the Quitclaim Deed from the Debtor to Piccirillo is attached hereto, and incorporated herein by reference, as **Exhibit "A."**

4.

On July 7, 2020, the Property was sold to Heritage Select, LLC at a foreclosure sale for the purchase price of $831,000.00 (the "Foreclosure").

5.

The law firm of Rubin Lublin, LLC served as foreclosure counsel for Redwood Residential Acquisitions Corp., and is currently in possession of excess foreclosure proceeds in the amount of $84,124.19 (the "Excess Proceeds").

6.

On July 29, 2020, after the Foreclosure, Piccirillo executed a Quitclaim Deed transferring her one-half interest in the Property back to the Debtor, which was recorded on July 31, 2020 in Deed Book 62014, Page 481 of the Fulton County, Georgia Records (the "Piccirillo Deed"). A copy of the Piccirillo Deed is attached hereto, and incorporated herein by reference, as **Exhibit "B."**

7.

On August 5, 2020, the Debtor filed  a *Verified Complaint for Emergency Injunctive Relief, Wrongful Foreclosure, Quia Timet and Other Relief* (the "Complaint") and *Motion for Interlocutory Injunction or Temporary Restraining Order* (the "TRO Motion") against the Settling Entities in the Superior Court of Fulton County, Georgia thereby initiating the Superior Court Case. Among the relief request in the Complaint, the Debtor sought to: set aside the July 7, 2020 foreclosure of the Property, enjoin the transfer of any deed under power to Heritage Select, LLC, obtain an order directing the return of funds paid by Heritage Select, LLC, and obtain reasonable attorney's fees and expenses against the Settling Entities.

8.

On August 6, 2020 at 10:00AM, the Superior Court of Fulton County held a hearing on the Debtor's TRO Motion. At the hearing, the Judge ruled against the Debtor. On August 11, 2020, the Superior Court of Fulton County issued an order Denying the Plaintiff's Motion for Interlocutory Injunction or Temporary Restraining Order.

9.

After the commencement of the hearing on the Debtor's TRO Motion, the Debtor then filed his voluntary petition for Chapter 13 relief on  August 6, 2020 (the "Petition Date"), thereby initiating Bankruptcy Case No. 20-68775-pmb in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Case").  The Bankruptcy Case was converted to Chapter 7 on August 11, 2020.[1] As a result, pursuant to 11 U.S.C. § 541, the Debtor's pre-petition interest in the Superior Court Case is property of the Estate.

---

[1] On September 11, 2020, the Debtor filed a second Chapter 7 Bankruptcy Case, Case No. 20-69814, which has since been dismissed pursuant to the Bankruptcy Court's Order of November 3, 2020 (Case No. 20-69814: Doc 23).

10.

On August 13, 2020, made retroactive to July 2020 (See Doc. 50), NewRez LLC, as attorney in fact for Redwood Residential Acquisitions Corp., as attorney in fact for the Debtor, executed a "Deed Under Power" (the "DUP"), conveying the Property to the Heritage Select, LLC which was recorded on August 21, 2020 in Deed Book 62134, Page 107 in the Fulton County, Georgia Records.

11.

On September 30, 2020, this Honorable Court entered an Order Granting Heritage Select, LLC's Motion for Relief from Automatic Stay and Request for Waiver of Rule 4001(a)(3) (Doc No. 50), thereby permitting Heritage Select, LLC, *inter alia*, to pursue a dispossessory proceeding against the Debtor (including any claims for rent, damages, or attorney's fees and expenses against the Debtor). The Estate is not in possession or control of the Property.

12.

On October 16, 2020, the 341 Meeting in the Bankruptcy Case was held and concluded. Kathleen Steil is the duly appointed Chapter 7 Trustee for the Estate.

13.

Upon information and belief, the Debtor has not vacated the Property nor surrendered same to Heritage Select, LLC. Therefore, Heritage Select, LLC filed a counterclaim in the Superior Court Case, seeking, among other things, dispossession and damages.

**II.    SETTLEMENT**

14.

The Trustee and Settling Entities seek authority to resolve the Superior Court Case, including any counterclaims against the Estate as follows:

a.  Rubin Lublin, LLC, foreclosure counsel for Redwood Residential Acquisitions Corp. and Newrez LLC d/b/a Shellpoint Mortgage Servicing, shall turn over all Excess Proceeds to the care and attention of the Chapter 7 Trustee within fourteen (14) days of entry of an Order approving this Motion.  The funds shall be made payable to Kathleen Steil as Chapter 7 Trustee and reference bankruptcy case No. 20-68775 on their face.  The Trustee shall hold the funds subject to Picarillo's interest, if any.  The Trustee reserves the right to file any necessary adversary proceeding against Picarillo, including without limitation pursuant to 11 U.S.C. §§544, 547, 548, 550, and 551.

b.  Upon receipt of the funds, the Chapter 7 Trustee shall dismiss, with prejudice, the pending Superior Court Case against the Settling Entities and file a release of the Debtor's Lis Pendens filed recorded on August 6, 2020 in Lien Book 4898, Page 184 of the Fulton County Records (the "Lis Pendens").

c.  The Bankruptcy Estate does not make any representations or warranties regarding the Property or its title history.

d.  In exchange for the Trustee's dismissal of the Superior Court Case and the turnover of all Excess Proceeds to the Trustee, the Settling Entities shall dismiss, with prejudice, any and all counterclaims against the Estate.

e.  Nothing in this settlement or the above referenced dismissals shall constitute a waiver of Heritage Select, LLC's rights, remedies and abilities to file any necessary dispossessory action against the Debtor personally and/or to seek recovery of claims for rent, damages, or attorney's fees and expenses against the Debtor personally.

15.

Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. Compromise and settlements assist in the efficient administration of the bankruptcy estate, reduce administrative costs, and are favored in bankruptcy. See *Fogel v. Zell*, 221 F.3rd 955, 960 (7th Cir. 2000).

16.

The Trustee requests that the Court consider approving the settlement pursuant to Bankruptcy Rule 9019.   Under Bankruptcy Rule 9019, the Court has discretionary authority to approve a compromise of a controversy or dispute. See *Protective Comm. for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968); *Continental Airlines, Inc. v. Airline Pilots Ass'n Infl. (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990). Whether to approve a proposed compromise is a matter within the sound discretion of the Bankruptcy Court and pre-trial settlements are favored by the courts. See *In re Munford, Inc*., 97 F.3d 449, 455 (11th Cir. 1996); *In re AWECO, Inc*., 725 F.2d 293, 297 (11th Cir. 1984); *In re Grot*, 291 Br. 204, 208 (Bankr. M.D. Ga. 2003). Bankruptcy settlements are a "normal part of the bankruptcy process" and "desirable and wise methods of bringing to close proceedings otherwise lengthy, complicated and costly." *TNT Trailer*, 390 U.S. at 424 (1986).

17.

According to the Eleventh Circuit, in deciding whether to approve a proposed settlement, a Bankruptcy Court should evaluate: (a) the probability of success in litigation, with due consideration for the uncertainty of the facts and the law; (b) the difficulties, if

any, to be encountered in collection on a judgment; (c) the c the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it and (d) the paramount interest of the creditors and a proper defense to their reasonable views in the premise. See *Wallis v. Justice Oaks II, Ltd (In re Justice Oaks II, Ltd)*, 898 F.2d 1544 (11th Cir. 1990). See also, *In re Medial Cent., Inc.*, 190 B.R. 316 (Bankr. E.D. Tenn. 1994).

Whether a proposed settlement is a product of an arms-length negotiation is a factor bearing on the wisdom of the compromise. *In re Cajun Elec. Power Co-Op., Inc*., 119 F.3d 349, 356 (5th Cir. 1997); *In re Foster Mortgage Corp*., 68 F.3d 914, 918 (5th Cir. 1995). Additionally, determining whether the settlement is in the best interest of the estate is an important consideration. See, e.g. *Cajun Elec*., 119 F.3d at 356 (1997). Generally, the role of the Bankruptcy Court, when evaluating a proposed settlement, is not to decide the issues in dispute by conducting a mini-trial. Instead, the Bankruptcy Court should determine whether the settlement is fair and equitable as a whole. See e.g. *Cajun Elec*., 119 F.3d at 355-56 (1997); *In re Joiner*, 319 Br. 903, 907 (Bankr. M.D. Ga 2004); *Grot*, 291 Br. At 208 (2003). In addition, "it must be remembered that the evaluation of any lawsuit is quite problematic and calls for a significant degree of speculation." *Texas Extrusion Corp. v. Lockhead Corp. (In re Texas Extrusion Corp.)*, 844 F.2d 1142, 1159 (5th Cir. 1988).

18.

The Trustee believes that the Settlement set forth herein is in the best interests of the creditors. The Settlement between the Trustee and the Settling Entity results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and the attendant costs and risks. In view of the defenses asserted, including the Fulton County Superior Court's order Denying the Plaintiff's Motion for Interlocutory

11

Injunction or Temporary Restraining Order, and the uncertainty that generally accompanies all litigation, the Trustee believes that the Settlement with the Settling Entity should be approved by this Court.

<div align="center">19.</div>

Under the standard set forth above and for the reasons previously detailed herein, the Trustee believes the Court should approve this Motion.

WHEREFORE, Trustee prays that this Honorable Court enter an order:

1.   Approving this Motion, including the proposed compromise and settlement as set out above; and

2.   Authorizing the Trustee to enter into any and all documents necessary to effectuate the compromise and settlement referenced herein, including a dismissal with prejudice of the Superior Court Case and release of the Lis Pendens; and

3.   Grant such other and further relief as this Court deems just and proper.


<div align="center">[SIGNATURES CONTINUED ON NEXT PAGE]</div>


<div align="center">12</div>

Respectfully submitted by:

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By:___/s/ *Kathleen Steil*_____
      Kathleen Steil
      Georgia Bar No. 598895
      *Chapter 7 Trustee and Counsel for Trustee*

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
ks@orratl.com

**Agreed and Consented to By:**

/s/James R. Fletcher, II (*signed with express permission*)
James R. Fletcher, II
Georgia Bar No. 232541
Fletcher Law Firm, LLC
2993 Sandy Plains Rd Ste 225B
Marietta, GA 30066
Phone: (404) 409-5665
E-mail: jim@FletcherLawFirm.com
*Attorney for Heritage Select, LLC*

/s/ Soo Hong (*signed with express permission*)
Soo Hong
Georgia Bar No. 129608
Blevins & Hong, P.C.
191 Roswell Street
Marietta, GA 30060
Phone: (678) 354-2290
bk@cobbcountylaw.com
*Attorney for Heritage Select, LLC*

/s/ Keith S. Anderson (*signed with express permission*)
Keith S. Anderson
Georgia Bar No. 136246
Bradley Arrant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Phone: (205) 521-8714
E-mail: kanderson@bradley.com
*Attorney for Redwood Residential Acquisition Corp and*
*Newrez LLC d/b/a Shellpoint Mortgage Servicing*

13

/s/ Bret Chaness *(signed with express permission)*
Bret Chaness, Esq.
GA Bar No. 720572
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071
Phone: (678) 281-2730
bchaness@rlselaw.com
*Foreclosure Counsel for Redwood Residential Acquisitions Corp.*

## CERTIFICATE OF SERVICE

I Kathleen Steil, certify that I am over the age of 18 and that on December 22, 2020 I served a copy of the foregoing **CONSENT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT and NOTICE OF PLEADING, DEADLINE TO OBJECT AND FOR HEARING** by first class U.S. Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Shawna Staton, Esq.
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, GA 30303

Bret Chaness, Esq.
Rubin Lublin, LLC
3145 Avalon Ridge Place, Suite 100
Peachtree Corners, GA 30071

Philip L. Rubin, Esq.
Rubin Lublin LLC
5555 Glenridge Connector, Suite 900
Atlanta, GA 30342

Keith S. Anderson, Esq.
Bradley Arrant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203

Soo J. Hong, Esq.
Blevins & Hong, P.C.
191 Roswell Street
Marietta, GA 30060

James R. Fletcher, II
Fletcher Law Firm, LLC
2993 Sandy Plains Rd Ste 225B
Marietta, GA 30066

Paul Reece Marr, Esq.
Paul Reece Marr, P.C.
300 Galleria Parkway, N.W.
Suite 960
Atlanta, GA 30339

Geoffrey Farrell Zilberberg
971 Davis Drive
Atlanta, GA 30327

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

James W. Hays, Esq.
Hays Potters & Martin, LLP
3945 Holcomb Bridge Road, Suite 300
Peachtree Corners, Georgia 30092


This 22nd day of December, 2020

<div style="margin-left:50%">

/s/Kathleen Steil
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Chapter 7 Trustee*
*and Chapter 7 Trustee*

</div>

Ogier, Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, GA 30031
ks@orratl.com
(404) 525-4000 ext. 406



**Prepared By:**
Stacey Charleston

**After Recording Return To:**
971 Davis Drive
Atlanta, Georgia 30327

Deed Book 60066 Pg 225
Filed and Recorded May-30-2019 03:47pm
2019-0225749
Real Estate Transfer Tax $0.00
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUITCLAIM DEED

On May 07, 2019 THE GRANTOR(S),

- Geoffrey Farrell Zilberberg, a single person,

for and in consideration of: One Dollar ($1.00) and/or other good and valuable consideration conveys, releases and quitclaims to the GRANTEE(S):

- Geoffrey Farrell Zilberberg, a single person, residing at 971 DAVIS DRIVE, ATLANTA, FULTON County, Georgia 30327

- Christine Maria Piccirillo, a single person, residing at 971 DAVIS DRIVE, ATLANTA, FULTON County, Georgia 30327

as joint tenants with rights of survivorship, the following described real estate, situated in ATLANTA, in the County of FULTON, State of Georgia

Legal Description: See attached *Exhibit A*

Grantor does hereby convey, release and quitclaim all of the Grantor's rights, title, and interest in and to the above described property and premises to the Grantee(s), and to the Grantee(s) heirs and assigns forever, so that neither Grantor(s) nor Grantor's heirs, legal representatives or assigns shall have, claim or demand any right or title to the property, premises, or appurtenances, or any part thereof.

EXHIBIT "A"

Page 1 of 4

in consideration of their on-going companionship and in consideration of the sum of Zero Dollars ($0.00), and the love and affection of their family relationship, the Grantor does hereby grant and Pg 226 convey all of his rights, title and interest unto Geoffrey Farrell Zilberberg and Christine Maria Piccirillo

EXCEPTING AND RESERVING unto Grantor(s), a 100 percent interest in all oil, gas, and other minerals, including gravel, clay, coal, sand and scoria presently owned by the estate.

EXCEPTING AND RESERVING unto Grantor(s) a life estate interest in the above described real estate on the terms listed below.

<u>TERMS OF LIFE ESTATE</u>

Grantor shall retain the right to use, occupy and possess the real estate described herein for the remainder of the Grantor's life. Grantor shall have full power to use and dispose of the entire distributable income from said real property and shall be responsible for payment of real estate taxes thereon. The life tenant shall have the right to execute leases, geophysical exploration agreements, and perpetual easements and grants of right of way shall be binding upon the remainder estate. The life tenant shall receive all royalties, rents, leases, geophysical exploration, easement, and right of way payments paid on account of the land during his lifetime. Grantor may commit waste on the premises if he desires to do so.

Tax Parcel Number: 17 -0177-0001-021-6

Mail Tax Statements To:
Geoffrey Farrell Zilberberg
971 Davis Drive
Atlanta, Georgia 30327

**[SIGNATURE PAGE FOLLOWS]**

Deed Book 60066 Pg 226

Page 2 of 4

Deed Book 60066 Pg 227

**Grantor Signatures:**

DATED: May 30th, 2019

Geoffrey Farrell Zilberberg
971 DAVIS DRIVE
ATLANTA, Georgia, 30327

**In Witness Whereof,**

Witness                                          Witness

5/30/2019

STATE OF GEORGIA, COUNTY OF FULTON, ss:

On this 30th day of May , 2019 , before me,
MARVIN WOOLEY , personally appeared Geoffrey Farrell Zilberberg,
known to me (or satisfactorily proven) to be the persons whose names are subscribed to the within
instrument and acknowledged that they executed the same as for the purposes therein contained.

In witness whereof I hereunto set my hand and
official seal.

Marvin Wooley
Notary Public

Court Clerk
Title (and Rank)

My commission expires 1/21/2023

MARVIN WOOLEY
NOTARY
PUBLIC
COMMISSION
EXPIRES
Jan. 21, 2023
DEKALB COUNTY, GA

Page 3 of 4

Deed Book 60066 Pg 228
CATHELENE ROBINSON
Clerk of Superior Court
Fulton County, Georgia

## EXHIBIT A: LEGAL DESCRIPTION OF PROPERTY

All that tract or parcel of land lying and being in Land Lot 177 of the 17th District of Fulton County, Georgia, and being Tract B of that certain Minor Subdivision Plat of Inman Subdivision, as shown on plat of survey recorded in Plat Book 355, Pages 36-38, Fulton County, Georgia records, which plat is incorporated herein by reference and made a part hereof. Said property being known as 971 Davis Drive according to the present system of numbering houses in Fulton County, Georgia.

Page 4 of 4

Deed Book 62014 Page 481
Filed and Recorded 7/31/2020 4:16:00 PM
2020-0249695
Cathelene Robinson
Clerk of Superior Court
Fulton County, GA
Participant IDs: 0143303049

Prepared by and return to:
A. Thomas Stubbs
Suite 515
125 Clairemont Avenue
Decatur, GA 30030

Parcel ID No. 17-0177-0001-021-6
Cross Reference:
  Deed Book 60066,
  Page 225

## QUITCLAIM DEED

## STATE OF GEORGIA

## COUNTY OF FULTON

THIS INDENTURE, made the 29TH day of July, 2020, between

### CHRISTINE MARIA PICCIRILLO

of the County of Fulton, and State of Georgia, as party or parties of the first part, hereinafter called Grantor, and

### GEOFFREY FARRELL ZILBERBERG

of the County of Fulton and State of Georgia, as party or parties of the second part, hereinafter called "Grantee (the words "Grantor" and "Grantee" to include their respective heirs, successors and assigns where the context requires or permits).

WITNESSETH that: Grantor, for love and affection and Ten dollars ($10.00) and other valuable considerations in hand paid at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, has granted, bargained, sold, conveyed and confirmed, and by these presents does grant, bargain, sell, convey and confirm unto the said Grantee all of her right title and interest in the following property:

> All that tract or parcel of land lying and being in Land Lot
> 177 of the 17th District of Fulton County, Georgia, and being
> Tract B of that certain Minor Subdivision Plat of Inman
> Subdivision, as shown on plat of survey recorded in Plat
> Book 385, Pages 36-38, Fulton County, Georgia, records,
> which plat is incorporated herein by reference and made a
> part hereof. This property is the improved property located at
> 971 Davis Drive according to the present system of
> numbering houses in Fulton County, Georgia, and has been

-1-

EXHIBIT "B"

Deed Book 62014 Page 482
Cathelene Robinson
Clerk of Superior Court

assigned Parcel Identification Number 17-0177-001-021-6 by
the Fulton County Tax Commissioner.

**This quitclaim deed is intended to reverse completely the
effect of the Quitclaim Deed Executed by Grantee in favor
of Grantee and Grantor dated May 30, 2019, as recorded
on May 30, 2019, at Deed Book 6066, Page 225, of the
Fulton County Superior Court records. The deed shall
restore full, complete and sole title in Grantee's name
(subject to liens of record).**

> **FOR GRANTEE TO HAVE AND TO HOLD** said tract or parcel of land, with
all and singular the rights, members and appurtenances thereof, so that neither Grantor
nor her successors or assigns nor any other person or persons claiming under Grantor
shall at any time claim or demand or have any right, title or interest in said property or its
appurtenances.

> IN WITNESS WHEREOF, Grantor has signed and sealed this deed, the day and
year first above written.

<div align="right">

_____ (Seal)
CHRISTINE MARIE PICCIRILLO,
Grantor.

</div>

Signed, sealed and delivered on the date first
Noted above by Grantor in the presence of:

[S E A L]

Notary Public
My commission expires: 6.3.22

Unofficial Witness



Notary Public State of Florida
Gwen A Wright
My Commission GG 224814
Expires 06/03/2022

-2-