

**IT IS ORDERED as set forth below:**

**Date: February 10, 2021**

_____
**Paul Baisier
U.S. Bankruptcy Court Judge**

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| In re: | | CASE NUMBER: |
|---|---|---|
| **GEOFFREY FARRELL ZILBERBERG,** | | **20-68775-PMB** |
| Debtor. | | CHAPTER 7 |

### ORDER DENYING DEBTOR'S MOTION TO RECONSIDER

This matter comes before the Court on a *Motion for Reconsideration of Order Granting Consent Motion for Approval of Compromise & Settlement (Doc. #76)*(Docket No. 85)(the "Original Motion") and an *Amended/Addendum to Motion for Reconsideration Requested w/ Intent to Object if Granted* (Docket No. 86)(the "Amended Motion")(the Original Motion and Amended Motion are collectively referred to herein as the "Motion for Reconsideration") filed *pro se*[1] by the above-referenced Debtor (the "Debtor") on January 25, 2021.  On February 6, 2021, Kathleen Steil, the duly appointed Chapter 7 Trustee in this case (the "Chapter 7 Trustee"), filed *Trustee's Objection and Response in Opposition* [sic] *to the Debtor's Motion for Reconsideration of Order*

---

[1] The Debtor is represented by counsel in this Chapter 7 case, but filed these pleadings himself.

*Granting Motion for Approval of Compromise and Settlement (Doc. No. 85) and Debtor's Amended Motion for Reconsideration (Doc. No. 86)*(Docket No. 88)(the "Trustee's Response"), in which the Chapter 7 Trustee objected to the Motion for Reconsideration.

In the Motion for Reconsideration, the Debtor requests that the Court reconsider its January 20, 2021 *Order Granting Consent Motion for Approval of Compromise and Settlement* (Docket No. 79)(the "Settlement Order"). The Settlement Order granted a *Consent Motion for Approval of Compromise and Settlement* (Docket No. 76)(the "Consent Motion") filed on December 22, 2020 by the Chapter 7 Trustee. In the Consent Motion, the Chapter 7 Trustee sought to settle litigation (the "Fulton County Lawsuit") filed by the Debtor prepetition that is pending in Fulton County Superior Court (the "Superior Court") and concerns (i) the estate's interest in real property located at 971 Davis Drive, Atlanta, Georgia (the "Property") and (ii) the propriety of a prepetition foreclosure on the Property. The Consent Motion was served on the Debtor and the Debtor's counsel, among others, pursuant to General Order 24-2018 (the "General Order"). Pursuant to the notice so served on the Debtor and Debtor's counsel, the deadline to file an objection to the Consent Motion was twenty-one (21) days from the date of service, or January 12, 2021. The Motion for Reconsideration asks that the Court reconsider its Settlement Order so that the Debtor may now belatedly object to the Consent Motion.

The consequences under the General Order of failing to timely file an objection by January 12th were clear from the notice provided —the Consent Motion could be granted without a hearing and if it were, the Fulton County Lawsuit would be dismissed with prejudice as part of the

settlement.[2] The Original Motion was filed not on or before January 12, 2021, but on January 25, 2021, two hours before the time on that date at which the Consent Motion was noticed to be heard telephonically by the Court (the "Hearing") if an objection were timely filed. The Original Motion asserts that the Debtor first thought that the settlement would be without prejudice to the Fulton County Lawsuit, that the Fulton County Lawsuit would be abandoned to him, and that he had until January 25, 2021 to object.[3] No person reading the notice of the Consent Motion that was served could reasonably have had any of those understandings. The remainder of the Original Motion outlines the efforts of the Debtor to file a late objection and later the Original Motion. Nowhere in the Original Motion does the Debtor set forth a substantive basis for objecting to the Consent Motion or reconsidering the Settlement Order.

At the Hearing, the Consent Motion was called at the calendar call and an announcement was made that an order had already been entered on it. Another matter in the Debtor's case was also scheduled for the Hearing, was on the calendar immediately after the Consent Motion, and was called immediately after the announcement regarding the Consent Motion. The Debtor and Debtor's counsel appeared at the telephonic Hearing in regard to the other matter, but did not note an objection to the Consent Motion or request to be heard by the Court when the Consent Motion was called. Two hours after the Hearing, the Debtor filed the Amended Motion. Based on the

---

[2] The Debtor emailed an emergency objection to the Consent Motion to the Court on January 20, 2021. In addition to being untimely, this attempt to object was inappropriate because the Debtor is represented by counsel and is thus ineligible to email emergency pleadings to the Court pursuant to General Order 40-2020.

[3] Once he apparently read the notice himself, the Debtor appears to have thought the objection deadline was January 18, 2021. This also is incorrect, as noted above. He also failed to comply with this erroneous deadline. *See* fn. 2, *supra*.

3

failure of the Debtor to respond timely to the Consent Motion or to make any effort to raise his objections to the Consent Motion at the Hearing, the Motion for Reconsideration should be denied.

Further, even if the Court were to reconsider the Settlement Order, the ultimate result would be to reaffirm it. In the Motion to Reconsider, the Debtor does not contest that he was in default on the loan secured by the Property and does not assert that the nonjudicial foreclosure sale on the Property conducted prior to the filing of this case was improperly noticed or advertised. Rather, the Motion to Reconsider articulates certain concerns about the conduct of a nonjudicial foreclosure sale in July of 2020 given the COVID-19 pandemic. These grievances[4] were specifically addressed and rejected by the Superior Court in the Fulton County Lawsuit after an evidentiary hearing (where the Debtor was represented by counsel) on the Debtor's request for an injunction. *See* Trustee's Response, ¶6, Ex. A. Certain of those findings and conclusions were repeated and adopted in this case in an order granting Heritage Select, LLC relief from the automatic stay (Docket No. 50, p. 2-3) to proceed with the Fulton County Lawsuit, which the Debtor's counsel signed as having "[n]o basis to oppose." *Id*, at p. 5.

In view of the foregoing, the Chapter 7 Trustee appears to have reasonably concluded that the Fulton County Lawsuit had little or no chance of ultimate success but could be settled in a manner that would avoid litigation costs for the estate and result in the receipt of a substantial payment by the estate. *See* Consent Motion, p. 3. That conclusion certainly seems to meet the standard for Court approval of a settlement in this Circuit. *See In re Justice Oaks II, Ltd.*, 898 F.2d

---

[4] The Debtor also alleges facts that appear to assert a claim against a party that he says attempted to obtain a mortgage modification for him. Those claims, to the extent they exist, are not relevant to approval of the settlement.

4

1544 (11th Cir. 1990). Consequently, even if the Debtor had filed a timely objection, or the Court had decided to reconsider its original decision, the decision of the Chapter 7 Trustee to settle would have been preserved, the Consent Motion granted, and the Debtor's objection overruled.

For the reasons set forth above, it is hereby

**ORDERED** that the Motion to Reconsider is **DENIED**.

The Clerk is directed to serve a copy of this Order upon the Debtor, Debtor's counsel, the Chapter 7 Trustee, and the United States Trustee.

**[END OF DOCUMENT]**