**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 20-68775-PMB |
| GEOFFREY FARRELL ZILBERBERG, ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | JUDGE BAISIER |

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that Kathleen Steil, the Chapter 7 Trustee has filed the **JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH DEBTOR AND TO PAY DEBTOR'S EXEMPTIONS** and related papers with the Court seeking an order approving the Trustee's settlement with the Debtor to establish the amount of the Debtor's allowed statutory exemption in real property commonly known as 971 Davis Drive Atlanta, GA 30327 Fulton County (including recovered excess foreclosure proceeds) and authorizing payment of Debtor's exemptions in the total and final amount of $19,050.00 pursuant to O.C.G.A. §44-13-100(a)(1)

PLEASE TAKE FURTHER NOTICE that the Court will hold a hearing on the Motion in **Courtroom 1202**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia at **1:35PM** on **July 12, 2021.**

*Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.*

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss with them your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta, Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

1

Dated:  June 7, 2021

|  |  |
|---|---|
| Ogier, Rothschild & Rosenfeld, P.C.<br>P.O. Box1547<br>Decatur, GA 30031<br>(404) 525-4000 x406<br>ks@orratl.com | /s/ Kathleen Steil<br>Kathleen Steil<br>Georgia Bar No. 598895<br>*Counsel for the Chapter 7 Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 20-68775-PMB |
| GEOFFREY FARRELL ZILBERBERG, ) | |
| ) | CHAPTER 7 |
| Debtor. ) | |
| ) | JUDGE BAISIER |

**JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH DEBTOR AND TO PAY DEBTOR'S EXEMPTIONS**

COMES NOW Kathleen Steil, Chapter 7 Trustee for the Bankruptcy Estate of Geoffrey Farrell Zilberberg (the "Trustee") and Debtor Geoffrey Farrell Zilberberg (the "Debtor"), by and through their undersigned counsel, and hereby the *Joint Motion to Approve Settlement and Compromise with Debtor and to Pay Debtor's Exemptions* (the "Joint Motion") and respectfully shows the Court as follows:

1.

The Debtor filed his voluntary petition for Chapter 13 relief on or about August 6, 2020 (Doc. No. 1). The case was converted to one under Chapter 7 on or about August 11, 2020.

2.

The Chapter 7 341 Meeting of Creditors was held and concluded on October 16, 2020. Kathleen Steil is the duly appointed Chapter 7 Trustee.

3.

On December 22, 2020, the Trustee filed her *Consent Motion for Approval of Compromise and Settlement* (Doc. No. 76) seeking to resolve superior court litigation regarding alleged wrongful foreclosure claims and any counterclaims asserted therein against the Estate: *Geoffrey Farrell Zilberberg v. Redwood Residential Acquisitions, Corp. et. al.,* Superior Court of Fulton County, Georgia, Case No. 2020CV339006 (the "Superior Court Case").

4.

On January 20, 2021, the Court entered an order approving the settlement (Doc. No. 79).

5.

The Trustee has recovered the excess foreclosure proceeds at issue in the *Consent Motion for Approval of Compromise and Settlement*.

6.

On September 22, 2020, the Debtor filed his Schedule C setting forth an exemption in the amount of $18,450.00 pursuant to O.C.G.A. §44-13-100(a)(6) towards the asset listed as "971 Davis Drive Atlanta, GA 30327 Fulton County" (the "Property") (Doc. No. 46). The parties acknowledge that the (a)(6) designation was an inadvertent typo. The Debtor intended to assert exemptions pursuant to O.C.G.A. §44-13-100(a)(1) in the Property (including the excess foreclosure proceeds recovered by the Trustee) as the Debtor resided at the Property at the time of the Bankruptcy filing and litigation regarding the contested foreclosure was still ongoing.

7.

O.C.G.A. §44-13-100(a)(1) permits an exemption in "The Debtor's aggregate interest, not to exceed $21,500.00 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence…." Pursuant to Federal Rule of Bankruptcy Procedure 1009, the Debtor could amend his Schedule C while the case is still open. Under Federal Rule of Bankruptcy Procedure 4003(b), the Trustee would then have thirty (30) days to object to the Amended Schedule C. However, it benefits the Bankruptcy Estate determine the amount of the Debtor's allowed statutory exemptions and pay same (subject to Bankruptcy Court approval) before submitting her Final Report evidencing a proposed distribution to creditors.

8.

The Trustee and Debtor, through authorized and undersigned counsel of record, present

4

this Joint Motion in an effort to avoid litigation regarding the Debtor's exemptions and determine the full and final amount of the Debtor's allowed statutory exemptions in the excess foreclosure proceeds. The Parties agree (subject to and contingent upon Bankruptcy Court approval) that the Debtor shall only claim and be allowed a total and final exemption in the amount of $19,050.00 in Property (including the excess foreclosure proceeds recovered by the Trustee) pursuant to O.C.G.A. §44-13-100(a)(1).

9.

Georgia has opted out of the Federal Bankruptcy Exemptions. See O.C.G.A. §44-13-100(b). Therefore the agreed exemption pursuant to O.C.G.A. §44-13-100(a)(1) is proper and within the statutory limits.

10.

By this Motion, the Parties respectfully requests, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, entry of an order approving the settlement referenced herein.

11.

Bankruptcy Rule 9019 provides, in pertinent part, that "[o]n motion by the Trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019. Compromise and settlements assist in the efficient administration of the bankruptcy estate, reduce administrative costs, and are favored in bankruptcy. See Fogel v. Zell, 221 F.3rd 955, 960 (7th Cir. 2000).

12.

The Parties respectfully request that the Court consider approving the settlement pursuant to Bankruptcy Rule 9019. Under Bankruptcy Rule 9019, the Court has discretionary authority to approve a compromise of a controversy or dispute. See Protective Comm. for Independent Stockholders of TNT Trailer Ferry, Inc. v. Anderson, 390 U.S. 414, 424 (1968); Continental

Airlines, Inc. v. Airline Pilots Ass'n Infl. (In re Continental Airlines, Inc.), 907 F.2d 1500, 1508 (5th Cir. 1990). Whether to approve a proposed compromise is a matter within the sound discretion of the Bankruptcy Court and pre-trial settlements are favored by the courts. See In re Munford, Inc., 97 F.3d 449, 455 (11th Cir. 1996); In re AWECO, Inc., 725 F.2d 293, 297 (11th Cir. 1984); In re Grot, 291 Br. 204, 208 (Bankr. M.D. Ga. 2003). Bankruptcy settlements are a "normal part of the bankruptcy process" and "desirable and wise methods of bringing to close proceedings otherwise lengthy, complicated and costly." TNT Trailer, 390 U.S. at 424 (1986).

According to the Eleventh Circuit, in deciding whether to approve a proposed settlement, a Bankruptcy Court should evaluate: (a) the probability of success in litigation, with due consideration for the uncertainty of the facts and the law; (b) the difficulties, if any, to be encountered in collection on a judgment; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it and (d) the paramount interest of the creditors and a proper defense to their reasonable views in the premise. See Wallis v. Justice Oaks II, Ltd (In re Justice Oaks II, Ltd), 898 F.2d 1544 (11th Cir. 1990). See also, In re Medial Cent., Inc., 190 B.R. 316 (Bankr. E.D. Tenn. 1994).

Whether a proposed settlement is a product of an arms-length negotiation is a factor bearing on the wisdom of the compromise. In re Cajun Elec. Power Co-Op., Inc., 119 F.3d 349, 356 (5th Cir. 1997); In re Foster Mortgage Corp., 68 F.3d 914, 918 (5th Cir. 1995). Additionally, determining whether the settlement is in the best interest of the estate is an important consideration. See, e.g. Cajun Elec., 119 F.3d at 356 (1997). Generally, the role of the Bankruptcy Court, when evaluating a proposed settlement, is not to decide the issues in dispute by conducting a mini-trial. Instead, the Bankruptcy Court should determine whether the settlement is fair and equitable as a whole. See e.g. Cajun Elec., 119 F.3d at 355-56 (1997); In re Joiner, 319 Br. 903, 907 (Bankr. M.D. Ga 2004); Grot, 291 Br. At 208 (2003). In addition, "it must be remembered that the

evaluation of any lawsuit is quite problematic and calls for a significant degree of speculation." Texas Extrusion Corp. v. Lockhead Corp. (In re Texas Extrusion Corp.), 844 F.2d 1142, 1159 (5th Cir. 1988).

13.

The Trustee believes that the Settlement with the Debtor is in the best interests of the Bankruptcy Estate and the creditors, as it will obviate the need for future litigation (including administrative expenses associated therewith) regarding the Debtor's exemptions and allow the Trustee to continue to administer the Estate in a timely manner.  Additionally, the Settlement will permit the Debtor to obtain funds to assist with his fresh start.

WHEREFORE, the Trustee respectfully requests that the Court enter an order:

a) Approving this Motion, including the proposed compromise and settlement as set out above;

b) Authorizing the Trustee to pay the Debtor's full and final statutory exemption in the Property (including the excess foreclosure proceeds) pursuant to O.C.G.A. §44-13-100(a)(1) in the amount of $19,050.00;

c) Granting the Parties such other and further relief as is just and proper

Respectfully Submitted,

/s/ Kathleen Steil
Kathleen Steil
Georgia Bar No. 598895
*Counsel for Trustee*

Ogier Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, GA 30031
(404) 525-4000 x406
ks@orratl.com

7

                        Agreed and Consented to:

                        /s/ <u>Paul Reece Marr</u> (signed with express permission
                        Paul Reece Marr      by Kathleen Steil)
                        Georgia Bar No. 471230
                        *Counsel for Debtor*

Paul Reece Marr, P.C.
Building 24, Suite 350
1640 Powers Ferry Road
Marietta, GA 30067
(770) 984-2255
Paul.marr@marrlegal.com

## CERTIFICATE OF SERVICE

This is to certify that on June 7, 2021 a true and correct copy of the within and foregoing **JOINT MOTION TO APPROVE SETTLEMENT AND COMPROMISE WITH DEBTOR AND TO PAY DEBTOR'S EXEMPTIONS and NOTICE OF HEARING** was served upon the following parties by U.S. Mail, first class, postage prepaid to:

Jonathan Adams, Esq.
Office of the United States Trustee
362 Richard B. Russel Building
75 Ted Turner Drive SW
Atlanta, GA 30303

Paul Reece Marr, Esq.
Paul Reece Marr, P.C.
1640 Powers Ferry Road
Building 24, Suite 350
Atlanta, GA 30339

Geoffrey Farrell Zilberberg
971 Davis Drive
Atlanta, GA 30327

Soo J. Hong, Esq.
Blevins & Hong, P.C.
191 Roswell Street
Marietta, GA 30060

Synchrony Bank
c/o PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

Pompano Lincoln Industrial, Ltd.
c/o James W. Hays, Esq.
Hays Potters & Martin, LLP
3945 Holcomb Bridge Road, Suite 300
Peachtree Corners, Georgia 30092

U.S. Bank National Association
c/o Andrea Betts, Esq.
Robertson, Anschutz, Schneid & Crane, LLC
10700 Abbott's Bridge Rd, Suite 170
Duluth, GA 30097

Dated: June 7, 2021

/s/ Kathleen Steil
Kathleen Steil
Georgia Bar No. 598895
*Counsel for the Chapter 7 Trustee*

Ogier, Rothschild & Rosenfeld, P.C.
P.O. Box 1547
Decatur, GA 30031
(404) 525-4000 x406
ks@orratl.com